UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**DECLARATION**

Civil Action No.: _____

In Re Subpoena and Deposition Notice to
DAVID THOMAS

(Underlying Action Pending in the United States
District Court for the District of Arizona, Civil
Action No.: 2:17-cv-03195-JJT)
and
 (Underlying Action Pending in the United
States District Court for the Northern District of
Illinois, Civil Action No.: 16-cv-07548
PRG-IDJ)

**WILLIAM G. BAUER, ESQ.**, declares as follows:

1.     I am an attorney duly licensed to practice before this court and am a Partner with

Woods Oviatt Gilman LLP, attorneys for the Movant and Non-Party David Thomas ("Mr.

Thomas").

2.     This Declaration is submitted in support of Mr. Thomas' Motion for an expedited

hearing, and a stay of Mr. Thomas' compliance with Subpoenas to testify at a deposition in two

civil actions pending a hearing on his Motion to Quash the aforesaid Subpoenas.

3.     Mr. Thomas was served on approximately November 13 or 14, 2018 with

Subpoenas seeking his testimony and compelling his appearance for depositions relating to

actions pending in the District of Arizona bearing Civil Action No.: 2:17-cv-03195-JJT and

Northern District of Illinois bearing Civil Action No.: 16-cv-07548 PRG-IDJ.  Complete, true

and accurate copies of the subpoenas served is annexed as **Exhibit "A"**.

4.     The Subpoenas at issue provide for Mr. Thomas, a resident of Grand Island, New

York, to be deposed in Rochester, New York on December 20, 2018.  Given the short period of

time to otherwise act, Mr. Thomas seeks an expedited hearing to address the merits of the

Motion to Quash the Subpoenas so as to avoid putting Mr. Thomas through unnecessary depositions which are unduly burdensome, duplicative, and seek information that is not relevant or material to the pending cases.

5.      Since Mr. Thomas ceased working years prior to events in the Arizona and Illinois actions, he certainly has no knowledge of the incidents nor could he possibly have any knowledge or information concerning the products at issue since they were not manufactured by his prior employer.

6.      The accompanying motion to quash more fully establishes the basis to grant the movant's Motion to Quash the Non-Party Subpoenas.  A copy of the Motion to Quash is attached as **Exhibit "B"**.

7.      An expedited hearing is sought since under the ordinary return time on Mr. Thomas' Motion to Quash would be beyond the date scheduled for Mr. Thomas' compliance.

**WHEREFORE**, it is respectfully requested that the Court grant David Thomas' motion for an Expedited Hearing and issue an Order staying Mr. Thomas from complying with the subpoena issued by the Plaintiff's counsel until a hearing can be conducted on the Motion to Quash and permanently quashing the Subpoenas issued by Plaintiff upon Mr. Thomas, together with such other and further relief as this Court may deem just and proper.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**DATED:**      December 6, 2018          _____
                                          William G. Bauer

{6815868: }

# EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Kurtis M. Bailey | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   16-cv-07548 PRG-IDJ |
| Worthington Industries Incorporated, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                           DAVID THOMAS

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Problems and defects with Bernzomatic/Worthington/Western/Chilton NRT fuel cylinders and torches, including failures, defects, injuries, damage, and matters pertaining to the design of the torch fracture groove.

| Place: Alliance Court Reporting, Inc. | Date and Time: |
|---|---|
| 120 East Avenue, Suite 200 | |
| Rochester, NY 14604  (tel. 585-546-4920) | 12/20/2018 10:00 am |

The deposition will be recorded by this method:     stenographically by court reporter, and by video.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any documents, photos, and other materials pertaining to the Non-refillable tall ("NRT") fuel cylinders, containing all types of flamable fuels, AND TORCHES with the fracture groove features, produced by Bernzomatic, Irwin Industrial Tool, and/or any of their subsidiaries, manufacturers, or distributors. In particular, documents pertaining to problems and defects, including Roger Maxson and other reports.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/07/2018

|                     CLERK OF COURT                     | | |
|---|---|---|
| | OR | *[signature]* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Kurtis M. Bailey _____ , who issues or requests this subpoena, are:
Andrew W. Shalaby, 7525 Leviston Avenue, El Cerrito, CA 94530   Tel. 510-551-8500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  16-cv-07548 PRG-IDJ

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows:  Mr. John M. Nelson

355 UPPER VALLEY ROAD, ROCHESTER, NY 14624 _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

David Wei Chen   sbn 184071
1300 Clay Street, Suite 600
Oakland, CA 94612-1427
Tel. 510-575-0851
Fax: 510-201-1577
Cell: 510-640-7251
email: david.chen@davidwchenlaw.com

Andrew W. Shalaby sbn 206841
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500
Fax: 510-725-4950
email: andrew@eastbaylaw.com

Attorneys for Plaintiff
Kurtis M. Bailey

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Kurtis M. Bailey,<br>　　　　　　Plaintiff,<br><br>vs.<br><br><br>Worthington Cylinder Corporation,<br>et al.,<br>　　　　　　Defendants. | ) Case No. 16-cv-07548 PRG-IDJ<br>)<br>) INSTRUCTIONS TO MR. DAVID<br>) THOMAS FOR APPEARANCE AND<br>) PRODUCTION OF DOCUMENTS<br>) AT DEPOSITION<br>)<br>) Deposition date: 12/20/18<br>) Time: 10:00 a.m.<br>) Location:  Alliance Court Reporting<br>)　　　　　　120 East Avenue, Suite 200<br>)　　　　　　Rochester, NY 14604<br>)　　　　　　(tel. 585-546-4920)<br>)<br>) Hon. Philip G. Reinhard |

---

Instructions to Mr. David Thomas　　　　1　　　　16-cv-07548 PRG-IDJ

TO MR. DAVID THOMAS:

You have been served with a subpoena to testify at a deposition in a civil action. You are respectfully requested to bring with you the following:

Any documents, photos, and other materials pertaining to the Non-refillable tall ("NRT") fuel cylinders, containing all types of flamable fuels, AND TORCHES with the fracture groove features, produced by Bernzomatic, Irwin Industrial Tool, and/or any of their subsidiaries, manufacturers, or distributors. In particular, documents pertaining to problems and defects, including Roger Maxson and other reports.

Please find enclosed herewith a check for witness fees and mileage in the amount of $87.15.

Upon receipt of the subpoena please call Plaintiff's counsel's office, East Bay Law, at 510-551-8500, and advise as to the estimated number of documents and nature of products and/or materials you may bring to the deposition so that arrangements can be made to facilitate copying and photography.

Dated: November 7, 2018

Andrew W. Shalaby,
Attorney for Plaintiff Kurtis M. Bailey

---

Instructions to Mr. David Thomas          2          16-cv-07548 PRG-IDJ

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| Jason Lou Peralta | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:17-cv-03195-JJT |
| Worthington Industries Incorporated, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    DAVID THOMAS

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Problems and defects with Bernzomatic/Worthington/Western/Chilton NRT fuel cylinders and torches, including failures, defects, injuries, damage, and matters pertaining to the design of the torch fracture groove.

| Place:  Alliance Court Reporting, Inc. | Date and Time: |
|---|---|
| 120 East Avenue, Suite 200 | |
| Rochester, NY 14604  (tel. 585-546-4920) | 12/20/2018 10:00 am |

The deposition will be recorded by this method:   stenographically by court reporter, and by video.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  Any documents, photos, and other materials pertaining to the Non-refillable tall ("NRT") fuel cylinders, containing all types of flamable fuels, AND TORCHES with the fracture groove features, produced by Bernzomatic, Irwin Industrial Tool, and/or any of their subsidiaries, manufacturers, or distributors. In particular, documents pertaining to problems and defects, including Roger Maxson and other reports.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/05/2018

       *CLERK OF COURT*
                                                       OR

_____              _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Jason Lou Peralta
_____ , who issues or requests this subpoena, are:
David W. Chen, 1300 Clay Street, Suite 600, Oakland, CA 94612  Tel. 510-551-8500, 510-575-0851

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:17-cv-03195-JJT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: Mr. John M. Nelson

355 UPPER VALLEY ROAD, ROCHESTER, NY 14624 _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

0 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Andrew W. Shalaby sbn 206841
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500
Fax: 510-725-4950
email: andrew@eastbaylaw.com

David Wei Chen  sbn 184071
1300 Clay Street, Suite 600
Oakland, CA 94612-1427
Tel. 510-575-0851
Fax: 510-201-1577
Cell: 510-640-7251
email: david.chen@davidwchenlaw.com

Attorneys for Plaintiff
Jason Lou Peralta

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lou Peralta,<br><br>                Plaintiff,<br><br>   vs.<br><br>Worthington Industries, Inc.;<br>Worthington Cylinder Corporation;<br>Worthington Cylinder Wisconsin,<br>LLC; BernzOmatic Company;<br><br>        Defendants. | Case Number:  2:17-cv-03195-JJT<br><br>INSTRUCTIONS TO MR.DAVID THOMAS FOR APPEARANCE AND PRODUCTION OF DOCUMENTS AT DEPOSITION<br><br>Deposition date: 12/20/18<br>Time: 10:00 a.m.<br>Location:  Alliance Court Reporting<br>           120 East Avenue, Suite 200<br>           Rochester, NY 14604<br>           (tel. 585-546-4920)<br><br><br>Judge: Hon. John J. Tuchi |

---

**Instructions to Mr. David Thomas**　　　　**1**　　　　　　　2:17-cv-03195-JJT

TO MR. DAVID THOMAS:

You have been served with a subpoena to testify at a deposition in a civil action. You are respectfully requested to bring with you the following:

Any documents, photos, and other materials pertaining to the Non-refillable tall ("NRT") fuel cylinders, containing all types of flamable fuels, AND TORCHES with the fracture groove features, produced by Bernzomatic, Irwin Industrial Tool, and/or any of their subsidiaries, manufacturers, or distributors. In particular, documents pertaining to problems and defects, including Roger Maxson and other reports.

Please find enclosed herewith a check for witness fees and mileage in the amount of $87.15.

Upon receipt of the subpoena please call Plaintiff's counsel's office, East Bay Law, at 510-551-8500, and advise as to the estimated number of documents and nature of products and/or materials you may bring to the deposition so that arrangements can be made to facilitate copying and photography.

Dated: November 7, 2018

David W. Chen, Attorney for Plaintiff
Jason Lou Peralta

---

**Instructions to Mr. David Thomas**        **2**                2:17-cv-03195-JJT

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In Re Subpoena and Deposition Notice to
DAVID THOMAS

**NOTICE OF MOTION TO QUASH**

Civil Action No.: _____
(Underlying Action Pending in the United States
District Court for the District of Arizona, Civil
Action No.: 2:17-cv-03195-JJT)

And

(Underlying Action Pending in the United States
District Court for the Northern District of
Illinois, Civil Action No.: 16-cv-07548
PRG-IDJ

**PLEASE TAKE NOTICE**, that upon the annexed Declaration of William G. Bauer, Esq. dated December 5, 2018 with Exhibit "A" through "F" attached thereto, Non-Party, David Thomas will move this Court on a date and time to be determined by the Court for an Order pursuant to Fed. R. Civ. Proc. 45 (d)(3), quashing the subpoena served upon him relating to an actions pending in the United States District Court for District of Arizona and United States District Court for the Northern District of Illinois, together with such other and further relief as this Court may deem just and proper.

DATED:        December 5, 2018

By: _____

WOODS OVIATT GILMAN LLP

William G. Bauer, Esq.
*Attorneys for Movant, David Thomas*
700 Crossroads Building
2 State Street
Rochester, New York 14614
585.987.2800
wbauer@woodsoviatt.com

{6815227: }

TO:    Andrew W. Shalaby, Esq.
7525 Leviston Avenue
El Cerrito, CA 94530
510.551.8500
Andrew@eastbaylaw.com

*Attorneys for Plaintiffs, Jason Lou Peralta and*
*  Kurtis M. Bailey*

WHITHAM LAW OFFICE
Timothy K. Whitham, Esq.
124 N. Water Street, Suite 305
Rockford, IL 61107-3960
815.986.4870
tim@whithamlawoffice.com

*Co-Counsel for Plaintiff, Kurtis M. Bailey*

David Chen, Esq.
1300 Clay Street, Suite 600
Oakland, CA 94612
510.575.0851
David.chen@davidwchenlaw.com

*Co-Counsel for Plaintiff, Jason Lou Peralta*

BOWLES & VERNA LLP
Richard A. Erog, Esq.
Jason J. Granskog, Esq.
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
925.935.3300
rergo@bowlesverna.com
jgranskog@bowlesverna.com

GOLDBERG SEGALLA LLP
James W. Ozog, Esq.
311 S. Wacker Drive, Suite 2450
Chicago, IL 60606
312.572.8406
jozog@goldbergsegalla.com

*Attorneys for Defendants,*
*  Worthington Cylinder Corporation and*
*  Worthington Industries, Inc.*

{6815227: }

JONES, SKELTON & HOCHULI, P.L.C.
James J. Osborne, Esq.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
602.263.1700
josborne@jshfirm.com

*Attorneys for Defendants,*
  *Worthington Industries, Inc.,*
  *Worthington Cylinder Corporation and*
  *Worthington Cylinder Wisconsin*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**DECLARATION IN SUPPORT OF**
**MOTION TO QUASH**

In Re Subpoena and Deposition Notice to DAVID
THOMAS

Civil Action No.: _____

(Underlying Action Pending in the United States
District Court for the District of Arizona, Civil Action
No.: 2:17-cv-03195-JJT)
**and**
(Underlying Action Pending in the United States
District Court for the Northern District of Illinois, Civil
Action No.: 16-cv-07548 PRG-IDJ)

I, WILLIAM G. BAUER, ESQ., declare as follows:

1.      I am an attorney at law duly admitted to practice before this Court. I am a Partner

at Woods Oviatt Gilman LLP, counsel of record for Non-Party, David Thomas ("Mr. Thomas").

I submit this declaration in support of Mr. Thomas' attached Motion to Quash.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaints in

*Peralta v. Worthington Inds. Inc.* and *Bailey v. Worthington Inds. Inc.*

3.      Upon inquiry to counsel for Defendant Worthington in the Underlying Actions, I

confirmed that the torches and cylinders at issue were manufactured by Worthington at its

manufacturing facility in Wisconsin.  The products at issue in *Peralta v. Worthington Inds. Inc.,*

*et al.* are a torch manufactured in 2015 and a propane cylinder manufactured in 2014 with a date

of loss of February 5, 2016. The products at issue in *Bailey v. Worthington Inds. Inc., et al.* was a

torch manufactured in 2013 and a propane cylinder manufactured in 2013 with a date of loss of

May 20, 2014.

{6813815: }

4.      Attached as **Exhibit B** is a true and correct copy of the Objections to the Thomas

Notice of Deposition (Subpoena) filed by Defendant Worthington in the Underlying Actions.

5.      Attached as **Exhibit C** is a true and correct copy of the Minute Order entered on

November 20, 2018 by Judge Iain Johnston of the Northern District of Illinois in *Bailey v.*

*Worthington Inds. Inc.*

6.      Attached hereto as **Exhibit D** is a true and correct copy of an excerpt of Michael

Ridley's deposition transcript taken on January 26, 2018 in the Underlying Actions.

7.      Attached hereto as **Exhibit E** are true and correct copies of the 2012 Prefiling

Order entered in *Shalaby v. Bernzomatic et al.*, No. 11cv68 AJB (POR) (S.D. Ca July 27, 2012)

and all subsequent Orders reaffirming the 2012 Orders which are dated January 5, 2018,

February 28, 2018, and August 8, 2018.

8.      Attached hereto as **Exhibit F** is a true and correct copy of the Declaration of

David Thomas signed December 4, 2018 with attached Exhibit A.


DATED:      December 5, 2018

                                    By:      _____
                                                William G. Bauer, Esq.

# EXHIBIT A

Andrew W. Shalaby sbn 206841
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500
Fax: 510-725-4950
email: andrew@eastbaylaw.com


Attorneys for Plaintiff
Jason Peralta

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lou Peralta,<br><br>              Plaintiff,<br><br>     vs.<br><br>BernzOmatic;<br>Irwin Industrial Tool Company;<br>Newell Rubbermaid Company;<br>Newell Operating Company;<br>Newell Brands, Inc.;<br>Worthington Industries, Inc.;<br>Worthington Cylinder Corporation;<br>Worthington Cylinder Corporation, LLC;<br>Worthington Cylinder Wisconsin, LLC;<br>United States Consumer Product<br>Safety Commission,<br><br>              Defendants. | Case Number:  2:17-cv-03195-JJT<br><br>FIRST AMENDED COMPLAINT FOR<br><br>1. PRODUCTS LIABILITY;<br><br>3.  INTENTIONAL TORT;<br><br>4. DECLARATORY RELIEF (CPSC)<br><br>Demand for Jury Trial<br><br>Judge: Hon. John J. Tuchi |

## I. JURISDICTION

Plaintiff resides in Arizona and Defendant's principle place of business is in Ohio, and the amount in controversy exceeds $75,000, therefore the case falls under diversity jurisdiction per 28 U.S.C § 1332.

The Court has federal question jurisdiction pursuant to 28 U.S.C.A. § 1331 with regard to the declaratory relief claim under 28 U.S.C. § 2201.

## II.  VENUE

The injury at issue occurred in Mesa, AZ, Maricopa County, therefore this is the proper venue.

## III.  PARTIES

1.  Plaintiff, JASON LOU PERALTA (hereinafter "Plaintiff"), is a competent adult individual, and a resident of Maricopa County, Arizona.

2.  Defendant, "BernzOmatic", also known as "the entity formerly known as Bernzomatic, an unincorporated division of Irwin Industrial TooL company and Newell Operating Company."  The name "BernzOmatic" has a capital "O" in the original text.   The subject products in this action contain the brand name "BernzOmatic".   Based on information and belief, Plaintiff alleges that the entity "BernzOmatic" still exists, but exists under the name "Newell Operating Company," and/or under any of Newell's subsidiaries identified below.

3.  Irwin Industrial Tool Company is incorporated in Ohio.  As of December 18, 2017 the agent and registration information was posted as follows:

```
Corporation Service Company
50 West Broad Street Suite 1330
Columbus, OH 43215
Effective Date: 11/10/2016
Contact Status: Active
```

4.  Newell Operating Company is incorporated in Delaware.   As of December 18, 2017 the agent and registration information was posted as follows:

```
Current Entity Name:      NEWELL OPERATING COMPANY
DOS ID #:   318446
Initial DOS Filing Date:  NOVEMBER 23, 1971
County:      DELAWARE
Jurisdiction: DELAWARE
Entity Type: FOREIGN BUSINESS CORPORATION
Current Entity Status:      ACTIVE
```

| DOS Process: C/O Corporation Service Company<br>80 State Street<br>Albany, New York, 12207-2543 |
| --- |
| Principal Executive Office:<br>Newell Operating Company<br>6655 Peachtree Dunwoody Road<br>Atlanta, Georgia, 30328 |
| Registered Agent:<br>Corporation Service Company<br>80 State Street<br>Albany, New York, 12207-2543 |

5.      Newell Brands, Inc. is incorporated in Delaware.  As of December 18, 2017 the agent and registration information was posted as follows:

| File Number:  2118347                       Incorporation date: 2/23/1987<br>Entity Name: NEWELL BRANDS INC.           Residency: DELAWARE |
| --- |
| Registered Agent Information:<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808<br>Phone: 302-636-5401 |

6.      Worthington Industries, Inc. is incorporated in Ohio.  As of December 18, 2017 the agent and registration information was posted as follows:

| Entity Number:     1037038<br>Business Name:     WORTHINGTON INDUSTRIES, INC.<br>Filing Type:          CORPORATION FOR PROFIT<br>Status:                 Active<br>Original Filing Date:     08/24/1998<br>Location: COLUMBUS   County: FRANKLIN       State: Ohio |
| --- |
| Agent/Registrant Information:<br>Dale T. Brinkman<br>200 Old Wilson Bridge Road<br>Columbus,OH 43085<br>Effective Date: 02/12/2004 |

7.      Worthington Cylinder Corporation is incorporated in Ohio.   As of December 18, 2017 the agent and registration information was posted as follows:

---

1

2

```
Entity Number:      590252
Business Name:      WORTHINGTON CYLINDER CORPORATION
Filing Type:        CORPORATION FOR PROFIT
Status Active:
Original Filing Date:     02/26/1982
Expiry Date
Location: COLUMBUS   County: FRANKLIN      State: OHIO

Agent/Registrant Information:
Dale T. Brinkman
200 Old Wilson Bridge Road
Columbus, OH 43085
Effective Date: 02/12/2004
Contact Status: Active
```

8.      Worthington Cylinder Corporation, LLC is located in Ohio.   As of December 18, 2017 the agent and registration information was posted as follows:

```
Entity Number:      1971002
Business Name:      WORTHINGTON CYLINDER CORPORATION,
LLC
Filing Type: DOMESTIC LIMITED LIABILITY COMPANY
Status:        Active
Original Filing Date:      10/22/2010
Location: COLUMBUS   County: FRANKLIN      State: OHIO

Dale T. Brinkman
200 Old Wilson Bridge Rd.
Columbus, OH 43085
Effective Date: 10/22/2010
Contact Status: Active
```

9.      Worthington Cylinder Wisconsin, LLC is located in Wisconsin.   As of December 18, 2017 the agent and registration information was posted as follows:

```
Entity ID:    W047037
Registered Effective Date:       08/17/2004
Status:       Registered                        Status Date:
08/17/2004
Entity Type: Foreign LLC
Foreign Organization Date:       08/09/2004
Foreign State       OH

Principal Office:
200 OLD WILSON BRIDGE RD
COLUMBUS , OH 43085
```

> Registered Agent Office:
> C T Corporation System
> 301 S. Bedford St. Suite 1
> Madison , WI 53703

Reference to Defendants: Use of the word "DEFENDANTS" hereinafter shall refer to all of the defendants named in this action except where otherwise stated.

10.    United States Consumer Product Safety Commission (CPSC) is named only for the declaratory relief claim set forth below, and shall be referenced as CPSC. Plaintiff's intention in including CPSC is to have the defects of the subject hazardous products determined judicially to be defective so that CPCS may ultimately issue a recall mandate for the subject products to prevent further injuries and deaths to the users of the products of concern.  In this regard Plaintiff believes CPCS to be a proper necessary party to the action.  There are no damages claims of any kind asserted against CPSC in this action.

## IV.  RELATIONSHIP OF THE DEFENDANTS

Based on discovery responses and Defendants' various internet postings, Plaintiff alleges the defendants are related as follows:

10.    BernzOmatic was an American manufacturing company founded by one Otto Bernz in 1876.  The company manufactured handheld torches and accessories, especially gas burner torches using fuel cylinders containing butane, propane, MAPP gas, and oxygen for soldering, brazing, and welding.  In the 1940's Otto Bernz Co. relocated to Rochester, New York and changed its name to BernzOmatic.   In 1982, BernzOmatic became a division of Newell (now Newell Rubbermaid).

11.    Newell Rubbermaid purchased Irwin Industrial Tool Company in the year 2002.

12.    Irwin Industrial Tool Company sold the BernzOmatic brand torches and cylinders for a period of time, but Plaintiff is unsure of the time frame.  It appears that Irwin Industrial Tool Company sold BernzOmatic brand torches and cylinders from

approximately 2002 to approximately July 2011, when BernzOmatic sold its assets to Worthington Industries, as explained further below.

13.     Newell Rubbermaid Company owed Irwin Industrial Tool Company during the relevant years of production, which may include the year of production of the fuel cylinder which caused Mr. Peralta's injuries, or the defective yellow fuel cylinder containing MAPP fuel, owned by Mr. Peralta.

14.     Based on information and belief, Plaintiff alleges that BernzOmatic was owned or merged with the entity, Newell Brands Inc.  Sometime during or after the year 2011.

15.     Worthington Industries, Inc. Manufactured fuel cylinders containing MAPP and Propane Fuel for BernzOmatic from approximately September 2004 to the date it acquired BernzOmatic assets, July 2011.

16.     Worthington Cylinder Corporation is an indirect subsidiary of Worthington Industries, Inc.  It had acquired certain assets from Western Industries in September 2004.  Western Industries had manufactured the BernzOmatic brand fuel cylinders for a period of years up to September 2004, and then Worthington Cylinder Corporation began manufacturing these products from September 2004 onward, for Worthington Industries, as stated in paragraph 6 above.

17.     Worthington Cylinder Corporation, LLC appears to be another indirect subsidiary of Worthington Industries.  Based on information and belief, Plaintiff alleges on information and belief that it was engaged in the manufacture, marketing, sales and distribution of the subject products at all times relevant herein.

18.     Worthington Cylinder Wisconsin, LLC is owned by Worthington Cylinder Corporation, which is owned by Worthington Industries.

19.     On page 3 of Worthington Industries' Annual Report 2012, Worthington disclosed its purchase of BernzOmatic assets as follows:

> On July 1, 2011, we purchased substantially all of the net assets (excluding accounts r eceivable) of the BernzOmatic business

("Bernz") of Irwin Industrial Tool Company, a subsidiary of Newell Rubbermaid, Inc. Bernz is a leading manufacturer of handheld torches and accessories. The acquired net assets became part of our Pressure Cylinders operating segment upon closing of the transaction.

20.     From July 2011 onward Worthington cylinder Wisconsin began manufacturing, marketing, selling and distributing the BernzOmatic-brand torches and fuel cylinders.

21.     Due to the complex relationships of the defendant entities, Plaintiff is unable to "flush out" the proper entity or entities to be held accountable for the defects of the subject products, and for his injuries suffered as a result of those defects. Plaintiff therefore informs DEFENDANTS and the Court that if any of the above entities are not proper responsible parties for his injuries, he shall dismiss the non-responsible entities.  DEFENDANTS are respectfully requested to resolve amongst themselves the identity of the responsible defendant(s) and advise as to which defendants should be dismissed (if any).

## IV.  SUBJECT PRODUCTS

22.     DEFENDANTS (excluding CPSC)  was the manufacturer and marketer of a handheld torch, consisting of three components: (1) a fuel cylinder, (2) an ultra hazardous fuel (Propane or MAPP gas), and (2) a torch handle which mounted onto the cylinder, which was a model TS4000.   These components shall jointly be referenced as the "subject torch," referring specifically to the torch products relevant to this action as further described below.  At all times relevant herein Plaintiff other fuel cylinders containing MAPP fuel.  At a hearing held on December 4, 2017.  The Court entered a minute entry (dkt. 32) stating:

MINUTE ENTRY for proceedings held before Judge John J Tuchi: Oral Argument and Scheduling Conference held on 12/4/2017. Pending Motion argued to the Court. Deadlines discussed and entered. For reasons as stated on the record, IT IS ORDERED granting in part and denying in part [9] Defendants' Motion to Strike Portions of Complaint and Motion to Dismiss Complaint in Part for Failure to State a Claim. Scheduling Order to follow.

APPEARANCES: Andrew Shalaby for Plaintiff. Jason Granskog for Defendants. (Court Reporter Elaine Cropper.) Hearing held 2:32 PM to 3:28 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (JAMA)

At said hearing, the Court stated that the fuel cylinders that contain MAPP fuel are to be excluded from the scope of this action. Therefore, on this First Amended Complaint, the fuel containers that contain MAPP fuel are excluded by Court order, and preserved in the record as a product Plaintiff has moved the Court to include within the scope of this action.

## NON-COMPLIANCE WITH  49 CFR 178 et seq.

23.     The subject fuel cylinders, ultra hazardous fuel, and torch tips, including their packaging, warning labels and disclosures, must comply with the requirements of 49 CFR section 178 et seq., also known as "DOT 39" requirements, imposed by the United States Federal Government.  Based on information and belief, Plaintiff alleges that the above-described products fail to comply with 49 CFR 178 et seq.  in several regards, including but not limited to the following:

(A)    The subject cylinders must contain brazed seams which are assembled to proper fit to ensure "complete penetration of the brazing material throughout" all "brazed joins."  The subject cylinders do not comply with this requirement.

(B)    The subject cylinders must contain brazed seams which have "design strength equal to or greater than 1.5 times the maximum strength of the shell wall."The subject cylinders do not comply with this requirement.

(C)    The subject cylinders must contain "welded seams which are properly aligned and welded by a method that provides clean, uniform joins with adequate penetration."  The subject cylinders do not comply with this requirement.

(D)    The subject cylinders contain material used for welded openings and attachments which are of "weldable quality and compatibility with material of the cylinder."  The subject cylinders do not comply with this requirement.

(E)     When "one cylinder taken from the beginning of each lot, and one from each 1,000 or less successively produced within the lot thereafter" is "hydrostatically tested to destruction" as mandated, the entire lot is rejected if ever a "failure initiates in a braze or a weld or the heat affected zone thereof. The subject cylinders do not comply with this requirement.

(F)     When the test done above results in a failure occurring in any opening, reinforcement, or at a point of attachment, the entire lot is rejected and discarded. The subject cylinders do not comply with this requirement.

(G)     The subject cylinders must otherwise comply with all "Dot 39" requirements and thus meet minimum required governmental safety requirements. The subject cylinders do not comply with this requirement.

24.     Plaintiff suffered severe burn injuries on February 5, 2016, when the cylinder he was using had breached and failed. The breach of cylinder was the result of the failure of his cylinder, and generally, the subject cylinders, to comply with the requirements of 49 CFR § 178. The cylinder owned by the plaintiff was weak and substandard, causing the fuel cylinder to fail and breach upon contact of the tip of the torch with a solid object, while the fuel emission lock of the TS4000 was engaged. This resulted in a catastrophic failure which has caused severe burn injuries to the plaintiff in this action.

25.     Had the TS4000 torch's safety fracture groove feature operated as intended, the cylinder would hot have breached and failed, causing Plaintiff's injuries.

26.     Alternatively, had the cylinder not been too weak and substandard, it would not have failed at a measure of force which was too low to activate the TS4000's fracture groove feature, causing Plaintiff's injuries. Furthermore, the failure in this instance preceded the dropping of the torch assembly because the center bushing area of the cylinder breached without any application of force at all, causing flame to emit from the area, and causing Plaintiff to drop the assembly onto the tip of

the torch (as they are top-heavy). The failure of the fracture groove feature to fracture, and the breach of the cylinder instead, were secondary defects that lead to the catastrophic fuel discharge.

27.     Plaintiff alleges that the subject fuel cylinders have failed and caused severe burn injuries and deaths throughout the United States and in other countries.

28.     Plaintiff discloses that the United States Federal Court's docket system has posted many litigations filed throughout the United States alleging severe burn injuries to have been caused by the subject fuel containers, some containing propane fuel, and others containing MAPP fuel.

## MULTIDISTRICT LITIGATION COORDINATION MOTION PENDING

29.     Plaintiff discloses that the United States Panel on Multidistrict Litigation has pending before it at this time a motion to coordinate or consolidate six federal court cases which are presently pending in different states alleging failure of the subject fuel containers, MDL No. 2823.

### FIRST CAUSE OF ACTION FOR NEGLIGENCE
### (PRODUCTS LIABILITY)

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FIRST cause of action, on information and belief, as follows:

30.     The subject fuel cylinders, including the fuel cylinder which failed and severely injured the plaintiff, contain both design and manufacturing defects at the uppermost portion of the cylinders.  The defects include but are not limited to an improper and substandard connection between the narrow thread assembly located at the top of the cylinder and the horizontal surface of the cylinder to which it attached, a defective design with a pressure relief valve that causes it to sometimes fail and lead to a catastrophic explosion of the cylinder, and poor quality of products and materials which sometimes lead to the production of cylinders which are incapable of withstanding the amount of force they were designed to withstand before breach. The

1    most frequent and prevalent failures occur between the welded joints of the narrow

2    thread assembly and the horizontal surface of the cylinder. There have been many

3    such failures throughout the country and worldwide with these products.

4        31.    The defects with the subject torch heads, including the torch head used

5    by the plaintiff at the time of injury in this case, exist on the safety feature known as

6    the "fracture groove" of the torch heads. The application of force to the tip of the

7    torches was deemed a foreseeable event by DEFENDANTS (excluding CPSC), and

8    prompted the design and implementation of the fracture groove features in the torch

9    heads.

10       32.    BernzOmatic had posted the following description of the defect of the

11   subject cylinders, and the intended function of the TS4000 torch tip's safety feature,

12   the fracture groove:

13       http://www.bernzomatic.com/resources/glossary.aspx, as of 12/09):

14       Fracture Groove:  A designed in failure point in the torch, so that when
         the torch & cylinder are dropped, the fracture groove will fail prior to the
15       cylinder center bushing failing. If the center bushing fails, then an
         extremely large 8 to 10 foot flame will erupt from the cylinder.
16

17   The "center bushing" is the narrow neck portion on the top of the fuel cylinder, which

18   is the area where Plaintiff's cylinder had failed, causing his injuries.

19       33.    In every known incident of failure of the fuel cylinders upon the

20   application of pressure to the subject torch tips, the safety fracture groove feature had

21   failed to fracture and prevent the catastrophic failures of these fuel cylinders.

22       34.    DEFENDANTS (excluding CPSC) have been aware of the existence of

23   the above-described defects for more than a decade, and likely for more than three

24   decades, but have **never recalled** these products.

25       35.    DEFENDANTS (excluding CPSC) have been aware of the existence of

26   the above-described defects for more than a decade, and likely for more than three

27   decades, but have **never warned** the users of these products.

28

---

**FIRST AMENDED COMPLAINT**          **11**          **2:17-cv-03195-JJT**

36.    Approximately in the year 2008 a website was posted by a victim of injuries caused by these defective products.  The website is posted at:

www.bernzomaticinjuries.com

The posting was to bring to Defendants' attention these defects, and to warn the users of the product.

37.    In the year 2008, by way of misrepresentation to a web hosting service, BernzOmatic had the above website taken down.

38.    The misrepresentation was in that BernzOmatic told the hosting company of the website that it was owner of the domain, which was false.  The domain was owned by the injury victim.

39.    Defendant's intent in wrongfully taking down the website was to prevent potential purchasers and users of the subject products from learning about their hazards and dangers as described herein above.

40.    The holder of the domain was successful in putting the website back up, only to be met with a complaint filed on November 21, 2008 by BernzOmatic, which was filed with the "World Intellectual Property Organization Arbitration and Mediation Center" in Switzerland, in an effort to remove the website so that the public would not be made aware of these defects.

41.    BernzOmatic's domain dispute was not successful, and further, establishes the actual knowledge and awareness of Defendants with regard to these defects, and Defendants' failure to act and prevented the injuries in this case, and in the related case referenced above.

42.    DEFENDANTS (excluding CPSC) failed to warn of the above-described defects.

43.    DEFENDANTS (excluding CPSC) failed to disclose the above-described defects to the consumers.

44.     DEFENDANTS (excluding CPSC) failed to cure the above-described defects and did not effectively recall the products.

45.     DEFENDANTS (excluding CPSC) partially recalled the fuel cylinders in the United States and Canada on January 17, 2012, but failed to take appropriate measures to bring the product defects to the attention of the consumer and the public. The recall was unreasonably silent.

46.     The recall was misleading insofar as it did not disclose any of the actual defects referenced above.

47.     Several of the torch tips produced by DEFENDANTS (excluding CPSC) appeared, visually, to have completely omitted the fracture groove feature, while the packaging in which the torch heads were marketed and sold contained photographs showing and describing the fracture groove feature on the back of the package.

48.     As with the fuel cylinders, DEFENDANTS (excluding CPSC) knew of the defects with the torch heads, failed to warn the public and consumers, failed to recall the products, and severe injuries and deaths have resulted.

49.     Plaintiff seeks punitive damages specifically on grounds that DEFENDANTS (excluding CPSC) could have prevented his injuries, and in fact, could have prevented the great many other injuries and deaths which occurred due to the above-described defects, simply by properly recalling and fixing these products, and by warning the users of the dangers and risks.  DEFENDANTS (excluding CPSC) were capable of fixing these products and warning the users more than a decade ago, but failed to do so, which is the reason Plaintiff has suffered his severe burn injuries.

50.     As explained above, the Court has ordered that the subject products be limited to the fuel containers that contain propane fuel only, and the torch apparatus be limited to the TS4000 model unit that was mounted to Mr. Peralta's cylinder at the time of failure of the product.  Therefore, while there is reference to containers that contain MAPP fuel, this is to apprise CPSC of the concern and to preserve the record

only. The subject products are limited to fuel containers containing propane fuel and to the model TS4000 torch apparatuses pursuant to the Court's order stated from the bench at the December 4, 2017 hearing.

WHEREFORE, Plaintiff prays for judgment against all of the above named defendants for all damages suffered by Plaintiff as the result of the failure of his defective fuel cylinder and torch head product, in an amount of not less than $2,000,000, and further, for punitive damages based on malice and intentional failure to act and failure to warn, for recall of the subject products, for attorney's fees pursuant to statute, for costs of suit, and for such other and further relief as the court deems proper.

## SECOND CAUSE OF ACTION FOR INTENTIONAL TORT

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a SECOND cause of as follows:

51. Based on information and belief, Plaintiff alleges that DEFENDANTS (excluding CPSC) have committed the intentional tort of fraud, including misrepresentation.

52. Based on information and belief, Plaintiff alleges Defendants (excluding CPSC) have committed the intentional torts of assault and battery.

53. Defendants (excluding CPSC) had actual knowledge of the fact that the subject fuel containers (in this instance containing propane fuel) were failing while being used in a manner which was intended by the manufacturer and which was foreseeable by the manufacturer, and possessed this knowledge from at least the year 2006, though more likely from the 1990's. Nevertheless, they marketed the subject fuel cylinder and torch products (here containing propane and limiting to the TS4000 torch apparatus) in total and complete silence as to the fact that these subject products had failed and were capable of failing while being used in a manner which was intended by the manufacturer and which was foreseeable by the manufacturer, causing

the users and consumers to believe that the products were safe to use and would not cause injury or death when used in an intended and foreseeable manner.

54. Defendants (excluding CPSC) were aware that the product users and consumers believed the subject products to be safe for use and were unaware that the subject products could fail and cause injury or death when used in an intended and foreseeable manner.

55. Plaintiff relied upon the actual and implied representations of Defendants (excluding CPSC) and therefore believed that the subject products would not fail and cause injury or death when used in an intended and foreseeable manner.

56. Plaintiff was using the subject products in an intended and foreseeable manner, when without being subjected to any abuse or misuse whatsoever, the fuel cylinder leaked fuel at the center bushing area, and the fuel ignited, causing plaintiff to drop the cylinder/torch assembly. The assembly hit the ground with the tip of the TS4000 torch containing the safety fracture groove feature. The fracture groove did not fracture, but instead, the fuel cylinder ripped open at the location of the center bushing. The fuel rushed out under tremendous pressure and caused severe burn injuries to plaintiff, as well as pressure and burn damage to his home.

57. Plaintiff is informed and believes, and on the basis of belief alleges that under Arizona law, the intentional torts of assault and battery take place where a defendant was consciously aware of the wrongful or harmful nature of his conduct and nonetheless persisted in that conduct, causing a harmful or offensive contact with the person of another, as well as simply putting the person in apprehension of a battery. (See Rawlings v. Apodaca, 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986).)

58. Defendants (excluding CPSC) were consciously aware of the wrongful and harmful nature of their conduct in manufacturing, marketing, distributing and selling these very dangerous and lethal subject fuel containers and torch units (as limited to propane fuel and the TS4000 torch unit by Court order), and had actual

knowledge that some of the users of these products would inevitably suffer severe injuries, which at times could be fatal. Nevertheless, with knowledge of the inevitable injuries, Defendants (excluding CPSC) continued to manufacture, market, distribute and sell these subject products to the public. Plaintiff purchased one of these products, and it failed while he was using it in an intended and foreseeable manner, causing him severe extensive burn injuries, and damaging his home.

59.     Plaintiff pleads and alleges intentional torts of fraud, misrepresentation, battery, and actual intent to cause harm by way of Defendants' (excluding CPSC) wrongful acts set forth above.

60.     Plaintiff pleads that the wrongful acts described above amount to gross negligence as well as likely criminally culpable misconduct.

WHEREFORE, Plaintiff prays for all actual, general, and special damages according to proof at trial, for in particular, for punitive damages for the intentional torts of fraud, misrepresentation, assault and dbattery, in an amount to be determined by the trier of fact, and for such other and further relief as the Court deems proper.

**THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF (CPSC)**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a THIRD cause of action, with respect to CPSC only, and based on information and belief, as follows:

61.     CPSC was created by the United States Government to implement and enforce rules, regulations, requirements and procedures which must be followed by manufacturers and distributors of ultrahazardous substances and materials. It's creation was for the safety and protection of users of such products, and generally, for the public at large. As such, CPSC owed and owes Plaintiff, and all others similarly situated, a duty to act so as to cause the recall of dangerous ultrahazardous products, particularly products which are extremely flammable. (See the Federal Hazardous Substances Act (FHSA).)

62.     Plaintiff alleges that the subject products fall within the purview of products the CPSC must regulate.

63.     Plaintiff respectfully moves for declaratory relief establishing that the subject products fall within the purview of products the CPCS regulates, the subject products are defective and unreasonably safe, and the subject products are reasonably subject to recall by the CPSC for the safety and protection of the product users and the public at large.


Plaintiff respectfully demands trial by jury.


Dated:  <u>December 18, 2017</u>                          <u>s/Andrew W. Shalaby</u>
                                                        Andrew W. Shalaby, Attorney for
                                                        Plaintiff Jason Peralta

# CERTIFICATE OF SERVICE

    I hereby certify that on December 18, 2017 I caused the foregoing document to be filed electronically with the Clerk of this Court through the CM/ECF system for filing; and served on counsels of record via the Court's CM/ECM system.

Dated: December 18, 2017                  s/Andrew W. Shalaby
                                 Attorney for Plaintiff Jason Lou Peralta

1 Andrew W. Shalaby sbn 206841
7525 Leviston Ave
2 El Cerrito, CA 94530
Tel. 510-551-8500
3 Fax: 510-725-4950
email: andrew@eastbaylaw.com
4
Timothy K. Whitham
5 Whitham Law Office
124 N. Water Street, Suite 305
6 Rockford, IL 61107-3960
Tel. 815-986-4870
7 email: tim@whithamlawoffice.com

8
Attorneys for Plaintiff
9 Kurtis M. Bailey

10

11

12
IN THE UNITED STATES DISTRICT COURT FOR THE
13
NORTHERN DISTRICT OF ILLINOIS
14
WESTERN DIVISION
15

| | |
|---|---|
| 16 KURTIS M. BAILEY, | Case Number: 16 CV 07548 |
| 17 Plaintiff, | |
| 18 vs. | SECOND AMENDED COMPLAINT FOR |
| 19 WORTHINGTON CYLINDER | |
| 20 CORPORATION; WORTHINGTON INDUSTRIES, INC.; | 1. INJUNCTIVE RELIEF (PRODUCT RECALL); |
| 21 Defendants. | 2. PRODUCTS LIABILITY; |
| 22 | 3. INTENTIONAL TORT; |
| 23 | 4. DECLARATORY RELIEF REGARDING THE NON-APPLICATION OF *"Daubert"* IN FEDERAL COURT DIVERSITY JURISDICTION ACTIONS |
| 24 | |
| 25 | |
| 26 | |
| 27 | Demand for Jury Trial |
| 28 | |

---

**Second Amended Complaint**        **1**        **Case No.** 16 CV 07548

**NOTICE OF RELATED CASE**

This case is related to the following case pending in the United States District Court for the Central District of California:

Lindsay Marmont et al. v. Bernzomatic, et al., 2:16-cv-00848-JAK-RAO as follows:

(a) This case and the related case involve the same product;

(b) This case and the related case involve the same defendants;

(c) the defects alleged in relation to the product are believed to be the same in both cases.

(d) the defense witnesses and experts are believed to be the same in both cases. There is no related case of which Plaintiff is aware in the District Court for the Northern District of Illinois.

## I. JURISDICTION

This is a product defect action which aries in relation to 49 CFR § 178 et seq., aka "Dot 39" (government mandated safety requirements). The amount in controversy exceeds $75,000. Plaintiff is a resident and citizen of Winnebago, Ill.

Based on information and belief, Plaintiff alleges that Defendant, WORTHINGTON CYLINDER CORPORATION, is incorporated in the State of Wisconsin, with it's principle place of business also located in Wisconsin. This defendant, on it's answer to this complaint, is expected to confirm this fact. See paragraph 4 below.

Based on information and belief, Plaintiff alleges that Defendant, WORTHINGTON INDUSTRIES, INC., is incorporated in the State of Ohio, with it's principle place of business also located in Ohio. This defendant, on it's answer to this complaint, is expected to confirm this fact. See paragraph 5 below.

---

**Second Amended Complaint**          **2**          Case No.  16 CV 07548

## II.  VENUE

The injury at issue occurred in Winnebago County, Illinois, therefore venue is proper in this Court.

## III.  PARTIES

1.      Plaintiff, Kurtis M. Bailey (hereinafter "Plaintiff"), is a competent adult individual, and a resident of Winnebago, IL.

2.       Based on information and belief, Plaintiff alleges that WORTHINGTON CYLINDER CORPORATION, AND/OR WORTHINGTON INDUSTRIES, INC., purchased the brand name, "BERNZOMATIC," approximately in July 2011.

3.      Based on information and belief, Plaintiff alleges that WORTHINGTON CYLINDER CORPORATION, AND/OR WORTHINGTON INDUSTRIES, INC. also do business as (dba) "BernzOmatic," to the extent that the brand name "BernzOmatic" exists on the subject fuel cylinder in this case.  Plaintiff bases this information in part on the WORTHINGTON INDUSTRIES INC.'s internet posting located at:  (http://worthingtonindustries.com/Company/Mergers-Acquisitions; http://worthingtonindustries.com/Products/Consumer-Tradesman-Products/Bernzo matic-(1).

4.      Based on information and belief, Plaintiff alleges that WORTHINGTON CYLINDER CORPORATION, AND/OR WORTHINGTON INDUSTRIES, INC. also do business as (dba) WORTHINGTON CYLINDER WISCONSIN, LLC.

5.      Based on the above facts, and on information and belief, Plaintiff alleges that there is complete diversity of citizenship, and therefore this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## IV.  SUBJECT PRODUCTS

6.      Based On information and belief, Plaintiff alleges that at all times relevant herein BERNZOMATIC was the manufacturer and/or marketer and producer of a handheld torch, consisting of three components: (1) a fuel cylinder, (2) an ultra

1  hazardous fuel (Propane or MAPP gas), and (2) a torch handle which mounted onto

2  the cylinder, identified by part number "UL 2317 0913." These components shall

3  jointly be referenced as the "subject torch," referring specifically to the torch products

4  relevant to this action as further described below.

5       7.    While the fuel cylinder in this action contained propane, this action seeks

6  recall of several million defective cylinders, including seemingly identical metal

7  cylinders containing a gas known as "MAPP" gas. All of these metal cylinders shall

8  therefore be referenced throughout this complaint as "subject cylinders."

9       8.    While the torch tip in this action is identified as "UL2317," this action

10  includes another torch tip manufactured by Bernzomatic, known as the "TS 4000," and

11  alleges that both of these torch tips contain the same defect. The defect is that these

12  two torch tip designs include safety fracture groove features intended to cause the tip

13  of the torches to break upon application of force in order to prevent the catastrophic

14  breach and failure of the fuel cylinders, but in many instances these fracture groove

15  features have failed, causing severe injuries and deaths. These torch tips also include

16  a defective trigger-hold feature which allow the gas to emit from the tips while the

17  user is holding the product by the fuel cylinder, also leading to several catastrophic

18  failures, injury, and death. Both of these torch tip designs shall be referenced as the

19  "subject torch tips" throughout this complaint.

20             **FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

21              **(COMPLIANCE WITH  49 CFR 178 et seq.)**

22      Plaintiff incorporates by reference all of the general allegations and factual

23  recitals contained above, and pleads as and for a FIRST cause of action as follows:

24       9.    The subject fuel cylinders, ultra hazardous fuel, and torch tips, including

25  their packaging, warning labels and disclosures, must comply with the requirements

26  of 49 CFR section 178 et seq., also known as "Dot 39" requirements, imposed by the

27  United States Federal Government. Based on information and belief, Plaintiff alleges

28

---

**Second Amended Complaint**      **4**      **Case No.**  16 CV 07548

that the above-described products failed to comply with 49 CFR 178 et seq. in several regards, including but not limited to the following:

(A) The subject cylinders must contain brazed seams which are assembled to proper fit to ensure "complete penetration of the brazing material throughout" all "brazed joins." The subject cylinders do not comply with this requirement.

(B) The subject cylinders must contain brazed seams which have "design strength equal to or greater than 1.5 times the maximum strength of the shell wall."The subject cylinders do not comply with this requirement.

(C) The subject cylinders must contain "welded seams which are properly aligned and welded by a method that provides clean, uniform joins with adequate penetration." The subject cylinders do not comply with this requirement.

(D) The subject cylinders contain material used for welded openings and attachments which are of "weldable quality and compatibility with material of the cylinder." The subject cylinders do not comply with this requirement.

(E) When "one cylinder taken from the beginning of each lot, and one from each 1,000 or less successively produced within the lot thereafter" is "hydrostatically tested to destruction" as mandated, the entire lot is rejected if ever a "failure initiates in a braze or a weld or the heat affected zone thereof. The subject cylinders do not comply with this requirement.

(F) When the test done above results in a failure occurring in any opening, reinforcement, or at a point of attachment, the entire lot is rejected and discarded. The subject cylinders do not comply with this requirement.

(G) The subject cylinders must otherwise comply with all "Dot 39" requirements and thus meet minimum required governmental safety requirements. The subject cylinders do not comply with this requirement.

10. Plaintiff suffered severe burn injuries on May 20, 2014 when the cylinder he was using had breached and failed. The failure of the cylinder owned by the

**Second Amended Complaint**     **5**     **Case No.** 16 CV 07548

plaintiff was the result of the failure of his cylinder, and generally, the subject cylinders, to comply with the requirements of 49 CFR § 178. The cylinder owned by the plaintiff was weak and substandard, causing the fuel cylinder to fail and breach upon contact of the tip of the torch with a solid object, while the fuel and emission lock was engaged on the torch tip. This resulted in a catastrophic failure which has caused severe burn injuries to the plaintiff in this action.

11.    Plaintiff seeks recall of the subject fuel cylinder, and all of the subject cylinders, on behalf of himself and on behalf of the general public, under federal private Attorney General statute, and also under the private attorney general statutes of the States of California and Illinois.

12.    Plaintiff is entitled to statutory attorney fees under the private attorney general statutes referenced above.

13.    WHEREFORE, Plaintiff prays for a prohibitory injunction to be imposed upon BERNZOMATIC, and all the named defendants, to recall all of the defective cylinders, and comply wi 49 CFR § 178 et seq. in production and distribution of the above said products in interstate commerce and at all locations where sold and distributed throughout the United States and worldwide. Plaintiff further prays for actual damages in an amount of not less than $2,000,000, punitive damages according to proof a set forth below, statutory attorney's fees, costs of suit, and such other and further relief as this court deems proper.

**SECOND CAUSE OF ACTION FOR NEGLIGENCE**
**(PRODUCTS LIABILITY)**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a SECOND cause of action, on information and belief, as follows:

14.    The subject fuel cylinders, including the fuel cylinder which failed and severely injured the plaintiff, contain both design and manufacturing defects at the uppermost portion of the cylinders. The defects include but are not limited to an

improper and substandard connection between the narrow thread assembly located at the top of the cylinder and the horizontal surface of the cylinder to which it attached, a defective design with a pressure relief valve that causes it to sometimes fail and lead to a catastrophic explosion of the cylinder, and poor quality of products and materials which sometimes lead to the production of cylinders which are incapable of withstanding the amount of force they were designed to withstand before breach. The most frequent and prevalent failures occur between the welded joining of the narrow thread assembly and the horizontal surface of the cylinder. There have been many such failures throughout the country and worldwide with these products produced by Bernzomatic.

15. The defects with the subject torch heads, including the torch head used by the plaintiff at the time of injury in this case, exist on the safety feature known as the "fracture groove" of the torch heads. The application of force to the tip of the torches was deemed a foreseeable event by Bernzomatic, and prompted the design and implementation of the fracture groove features in the torch heads. However, in every known incident of failure of the fuel cylinder upon the application of pressure to these torch tips, in the many cases and litigation materials in the possession of this plaintiff, the torch head fracture groove features have failed to fracture and prevent the catastrophic failure of these fuel cylinders. Many of these actual failed devices are posted on a website located at www.Bernzomaticinjuries.com .

16. Bernzomatic is aware of the existence of the above-described defects, and in the year 2008, by way of misrepresentation to a web hosting service, had a website "Bernzomaticinjuries.com" taken down. The holder of the domain was successful in putting the website back up, only to be met with a complaint filed on November 21, 2008 by Bernzomatic, which was filed with the "World Intellectual Property Organization Arbitration and Mediation Center" in Switzerland, in an effort to remove the website so that the public would not be made aware of these defects. The action

**Second Amended Complaint**      **7**      **Case No.** 16 CV 07548

1   was not successful, and further, establishes the actual knowledge and awareness of

2   Bernzomatic of these defects, and failure to act and prevented the injuries in this case,

3   and in the related case referenced above.

4        17.   Bernzomatic failed to warn of the above-described defects.

5        18.   Bernzomatic failed to disclose the above-described defects to the

6   consumers.

7        19.   Bernzomatic failed to cure the above-described defects and did not

8   effectively recall the products. Bernzomatic partially recalled the fuel cylinders in the

9   United States and Canada on January 17, 2012, but failed to take appropriate measures

10  to bring the product defects to the attention of the consumer and the public. The recall

11  was unreasonably silent.

12       20.   Several of the torch tips produced by Bernzomatic appeared, visually, to

13  have completely omitted the fracture groove feature, while the packaging in which the

14  torch heads were marketed and sold contained photographs showing and describing

15  the fracture groove feature on the back of the package.

16       21.   As with the fuel cylinders, Bernzomatic knew of the defects with the

17  torch heads, failed to warn the public and consumers, failed to recall the products, and

18  severe injuries and deaths have resulted.

19       WHEREFORE, Plaintiff prays for judgment against all of the above named

20  defendants for all damages suffered by Plaintiff as the result of the failure of his

21  defective fuel cylinder and torch head product, in an amount of not less than

22  $2,000,000, and further, for punitive damages based on malice and intentional failure

23  to act and failure to warn, for recall of the subject products, for attorney's fees

24  pursuant to statute, for costs of suit, and for such other and further relief as the court

25  deems proper.

26  ///

27

28

---

**Second Amended Complaint**          **8**          **Case No.**  16 CV 07548

### THIRD CAUSE OF ACTION FOR INTENTIONAL TORT

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a THIRD cause of action, based on information and belief, as follows:

22. Bernzomatic was aware of the defects with the subject products as described above for many years before the injury to this plaintiff and to the plaintiff in the above-referenced related action.

23. Bernzomatic's awareness of the existence of the above-described defects is evidenced by its action in illegally taking down the website, which is located at : "www.Bernzomaticinjuries.com," as well as its initiation of the action in Switzerland to try to remove the website in the year 2008.

24. Bernzomatic failed to warn plaintiff and all other consumers of the above-described product defects, and failed to take reasonable measures to remove and retrieve from consumers the defective products before plaintiff, as well as the plaintiff and the related action, and several other persons, suffered severe injuries, including death of the person described in the related action.

25. Punitive damages are warranted and appropriate based on the above described wrongful conduct of all of the above-named defendants.

WHEREFORE, Plaintiff prays for judgment against all of the above named defendants for all damages suffered by Plaintiff as the result of the failure of his defective fuel cylinder and torch head product, in an amount of not less than $2,000,000, and further, for punitive damages based on malice and intentional failure to act and failure to warn, for recall of the subject products, for attorney's fees pursuant to statute, for costs of suit, and for such other and further relief as the court deems proper.

///

**FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF
RE INAPPLICABILITY OF "DAUBERT" IN DIVERSITY CASES**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FOURTH cause of action as follows:

26.     Federal Courts sitting in diversity are applying expert witness admissibility standards as articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 [125 L. Ed. 2d 469] (1993). However, *Daubert* was a California diversity jurisdiction case itself, and had a 4-judge dissent at the Supreme Court level. Plaintiff moves to have this admissibility standard declared inapplicable on grounds that the law at issue is substantive rather than procedural, and leads to a different outcome in many instances than would the application of State law. This allegation is based in part on the fact that in at least one similar Federal Court case, alleging the same basic defects pertaining to the same products and involving these same defendants, a plaintiff's expert witness met the qualifications and admissibility requirements for expert witness testimony under State law (California), but was nevertheless disqualified under *Daubert* in Federal Court, leading to dismissal of a case that otherwise would likely have resulted in a recall years earlier, hence prevention of this plaintiff's injuries and the deaths that have occurred since dismissal of said other action, hence deeming *Daubert* and F.R.Evid. Rules 702 and 703 substantive rather than procedural in nature, and warranting the remedy requested.


A jury trial is respectfully demanded in this action.


Dated:  <u>September 23, 2016</u>                        <u>s/Andrew W. Shalaby</u>
                                                        Andrew W. Shalaby, Attorney for
                                                        Plaintiff Kurtis M. Bailey

---

**Second Amended Complaint**          **10**          **Case No.** 16 CV 07548

# EXHIBIT B

RICHARD A. ERGO (Cal. Bar #110487)
JASON J. GRANSKOG  (Cal. Bar #190233)
Bowles & Verna LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile:  (925) 935-0371
Email: rergo@bowlesverna.com
        jgranskog@bowlesverna.com

JAMES J. OSBORNE (#009790)
JONES, SKELTON  & HOCHULI P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Facsimjle:  (602) 200-7843
Email:  josborne@jshfirm.com

Attorneys for Defendants
Worthington Industries, Inc.; Worthington
Cylinder Corporation; Worthington
Cylinder Corporation, LLC; and
Worthington Cylinders Wisconsin, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lou Peralta,<br><br>      Plaintiff,<br><br>v.<br><br>Bernzomatic; Worthington Industries, Inc.;<br>Worthington Cylinder Corporation; Worthington<br>Cylinder Corporation, LLC; Worthington Cylinder<br>Wisconsin, LLC;<br><br>      Defendants. | Case No. 2:17-cv-03195-DMF |

**WORTHINGTON INDUSTRIES, INC., WORTHINGTON CYLINDER CORPORATION; WORTHINGTON CYLINDER CORPORATION, LLC AND WORTHINGTON CYLINDERS WISCONSIN, LLC'S OBJECTION TO PLAINTIFF'S NOTICE OF DEPOSTIION OF JOHN NELSON AND DAVID THOMAS**

Worthington Industries, Inc., Worthington Cylinder Corporation, Worthington Cylinder Corporation, LLC and Worthington Cylinders Wisconsin, LLC (collectively "Worthington") object to plaintiff's notice of deposition for John Nelson and David Thomas, currently scheduled for December 19 and 20, 2018, respectively, as follows:

1.      Despite the court's order prohibiting discovery on cylinders other than "NRT" propane cylinders, Plaintiff's notice indicates that the matters covered in the depositions will include issues with "NRT" fuel cylinders without any limitation to propane NRT cylinders. Plaintiff has previously sought discovery on MAPP gas cylinders and court has disallowed such discovery.

2.      Despite the court's order prohibiting discovery on cylinders other than "NRT" propane cylinders, Plaintiff's document request seeks documents "pertaining to the Non-Refillable tall ('NRT') cylinders containing all types of flammable fuels ..." Plaintiff has previously sought discovery on MAPP gas cylinders and court has disallowed such discovery.

3.      If the plaintiff pursues such discovery in violation of the Court's orders, Worthington reserves the right to seek all possible remedies and sanctions against the plaintiff and counsel.

\\

\\

\\

\\

\\

2

Respectfully submitted,

By:      /s/ Richard A. Ergo

Richard A. Ergo
Jason J Granskog
BOWLES & VERNA LLP
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
Tel: (925) 935-3300
rergo@bowlesverna.com
jgranskog@bowlesverna.com
Attorneys for Defendants Worthington
Industries, Inc.; Worthington Cylinder Corporation;
Worthington Cylinder Corporation, LLC and
Worthington Cylinders Wisconsin, LLC

1

## PROOF OF SERVICE
### Peralta v. Worthingtonton Industries, Inc., et al.
### USDC, District of Arizona, Case No. 2:17-cv-03195-DMF

2

3

4

I, the undersigned, declare as follows:

5

I am a citizen of the United States, over the age of 18 years, and not a party to, or

6

interested in the within entitled action. I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek,

7

California 94596.

8

On November 8, 2018, I served the following document(s):

9

10

WORTHINGTON INDUSTRIES, INC., WORTHINGTON CYLINDER

CORPORATION; WORTHINGTON CYLINDER CORPORATION, LLC AND

11

WORTHINGTON CYLINDERS WISCONSIN, LLC'S OBJECTION TO

PLAINTIFF'S NOTICE OF DEPOSTIION OF JOHN NELSON AND DAVID

12

THOMAS

13

on the following parties in this action addressed as follows:

14

15

ANDREW W. SHALABY (# 206841)
7525 Leviston Avenue

16

El Cerrito, CA 94530
Telephone: (510) 551-8500

17

Facsimile: (510) 725-4950
Email: Andrew@eastbaylaw.com

18

**Attorney for Plaintiff**
**JASON LOU PERALTA**

19

20

JAMES J. OSBORNE (009790)
JONES, SKELTON & HOCHULI, P.L.C.

21

40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004

22

Telephone: (602) 263-1700
Facsimile:   (602) 200-7843

23

Email: josborne@jshfirm.com

24

Co-Counsel for Defendants
Worthington Industries, Inc., Worthington

25

Cylinder Corporation and Worthington
Cylinder Wisconsin

26

27

28

1

DAVID WEI CHEN
Law Office of David W Chen PC
2
1300 Clay Street, Suite 600
Oakland, CA 94612-1427
3
(510) 575-0851
4
Email: david.chen@davidwchenlaw.com

5
XXX   **BY UNITED STATES MAIL:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above. I placed the
6
envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing
7
correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the
8
United States Postal Service, in a sealed envelope with postage fully prepaid.
**BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or
9
package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and
10
overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.
11

**BY PERSONAL SERVICE:** I caused to be served each document listed above
12
by hand to each addressee above.  Delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly
13
labeled to identify the attorney being served with a receptionist or an individual in charge of the office.
14

**BY FAX TRANSMISSION:** By use of facsimile machine number (925) 935-
15
0371, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was reported as
16
complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.
17

XXX   **BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM:** In accordance with
18
the electronic filing procedures of this Court, service has been effected on the aforementioned party(s) above, whose counsel of record is a registered
19
participant of CM/ECF, via electronic service through CM/ECF system.

20
I declare under penalty of perjury under the laws of the State of California that
21
the foregoing is true and correct.

22
Executed on November 8, 2018, at Walnut Creek, California.

23

24

25
Teresa L. Everett

26

27

28

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

KURTIS M. BAILEY,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )       Case No. 16-cv-7548
                                           )       Judge Philip G. Reinhard
BERNZOMATIC, et al.,                       )       Magistrate Judge Iain D. Johnston
                                           )
            Defendants.                    )

## WORTHINGTON CYLINDER CORPORATION AND WORTHINGTON INDUSTRIES, INC., OBJECTION TO PLAINTIFF'S NOTICE OF DEPOSTION OF JOHN NELSON AND DAVID THOMAS

Worthington Cylinder Corporation and Worthington Industries, Inc., (collectively "Worthington") object to plaintiff's notice of deposition for John Nelson and David Thomas, currently scheduled for December 19 and 20, 2018, respectively, as follows:

1.      Despite the court's order prohibiting discovery on cylinders other than "NRT" propane cylinders, Plaintiff's notice indicates that the matters covered in the depositions will include issues with "NRT" fuel cylinders without any limitation to propane NRT cylinders. Plaintiff has previously sought discovery on MAPP gas cylinders and court has disallowed such discovery.

2.      Despite the court's order prohibiting discovery on cylinders other than "NRT" propane cylinders, Plaintiff's document request seeks documents "pertaining to the Non-Refillable tall ('NRT') cylinders containing all types of flammable fuels ..." Plaintiff has previously sought discovery on MAPP gas cylinders and court has disallowed such discovery.

1

3.    The Court has imposed a stay of this action pending the decision whether to revoke Andrew Shalaby's pro hac vice status with an exception as to matters the parties agree to perform. Worthington had agreed to these depositions, but did not expect that counsel would seek documents and/or testimony in areas previously excluded by the Court. Accordingly, Worthington withdraws its previous agreement.

If the plaintiff pursues such discovery in violation of the Court's orders, Worthington reserves the right to seek all possible remedies and sanctions against the plaintiff and counsel.

Respectfully submitted,

By:    /s/ Richard A. Ergo                         /s/ James W. Ozog

Richard A. Ergo
Jason J Granskog
BOWLES & VERNA LLP
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596
Tel: (925) 935-3300
Fax: (925) 935-0371
rergo@bowlesverna.com
jgranskog@bowlesverna.com
Attorneys for Defendants Worthington
Cylinder Corporation and Worthington
Industries, Inc.

James W. Ozog
GOLDBERG SEGALLA LLP
311 S. Wacker Drive, Suite 2450
Chicago, IL 60606
Tel: (312) 572-8406
Fax: (312) 572-8401
jozog@goldbergsegalla.com
Attorney for Defendants Worthington
Cylinder Corporation and Worthington
Industries, Inc.

## PROOF OF SERVICE
### Bailey v. Bernzomatic, et al.,
### USDC, Central District of Illinois, Case No. 1:16-cv-07548

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within entitled action. I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek, California 94596.

On November 8, 2018, I served the following document(s):

WORTHINGTON CYLINDER CORPORATION AND WORTHINGTON INDUSTRIES, INC., OBJECTION TO PLAINTIFF'S NOTICE OF DEPOSTIION OF JOHN NELSON AND DAVID THOMAS

on the following parties in this action addressed as follows:

ANDREW W. SHALABY (# 206841)
7525 Leviston Avenue
El Cerrito, CA 94530
Telephone: (510) 551-8500
Facsimile: (510) 725-4950
Email: Andrew@eastbaylaw.com

David Chen
1300 Clay Street, Suite 600
Oakland, CA  94612
Phone:  510-575-0851
Fax:  510-201-1577
David.chen@davidwchenlaw.com

John M. Nelson
Attorney at Law
1318 East State Street
Rockford, IL 61104
(815) 964-8800
Email: jmnconst1318@yahoo.com
**Attorneys for Plaintiff**
**KURTIS M. BAILEY**

1

2　James W. Ozog

3　GOLDBERG SEGALLA LLP
　 311 S. Wacker Drive, Suite 2450

4　Chicago, IL  60606
　 jozog@goldbergsegalla.com

5　Attorney for Defendant
　 WORTHINGTON CYLINDER

6　CORPORATION and WORTHINGTON
　 INDUSTRIES, INC.

7

8　**BY UNITED STATES MAIL:** I enclosed the documents in a sealed envelope
　 XXX   or package addressed to the persons at the addresses listed above.  I placed the

9　envelope for collection and mailing, following our ordinary business practices. I
　 am readily familiar with this business's practice for collecting and processing

10 correspondence for mailing. On the same day that correspondence is placed for
　 collection and mailing, it is deposited in the ordinary course of business with the

11 United States Postal Service, in a sealed envelope with postage fully prepaid.

12 **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or
　 package provided by an overnight delivery carrier and addressed to the persons

13 at the addresses listed above. I placed the envelope or package for collection and
　 overnight delivery at an office or a regularly utilized drop box of the overnight

14 delivery carrier.

15 **BY PERSONAL SERVICE:** I caused to be served each document listed above
　 by hand to each addressee above.  Delivery was made to the attorney or at the

16 attorney's office by leaving the documents in an envelope or package clearly
　 labeled to identify the attorney being served with a receptionist or an individual

17 in charge of the office.

18 **BY FAX TRANSMISSION:** By use of facsimile machine number (925) 935-
　 0371, I served a copy of the within document(s) on the above interested parties

19 at the facsimile numbers listed above. The transmission was reported as
　 complete and without error. The transmission report was properly issued by the

20 transmitting facsimile machine.

21 XXX  **BY ELECTRONIC SERVICE VIA E-MAIL AND/OR CM/ECF SYSTEM:**
　 In accordance with the electronic filing procedures of this Court, service has

22 been effected on the aforementioned party(s) above, whose counsel of record is a
　 registered participant of CM/ECF, via electronic service through CM/ECF

23 system.

24 　　I declare under penalty of perjury under the laws of the State of California that

25 the foregoing is true and correct.

26 　　Executed on November 8, 2018, at Walnut Creek, California.

27

28

　　　　　　　　　　　　　　　　　Teresa Everett

Bowles & Verna LLP
2121 N. California
Suite 875
Walnut Creek 94596

2

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
### Eastern Division

Kurtis M. Bailey

                              Plaintiff,

v.                                          Case No.: 1:16−cv−07548
                                            Honorable Philip G. Reinhard

Bernzomatic, et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, November 20, 2018:

        MINUTE entry before the Honorable Iain D. Johnston: Status report [399]
received and reviewed. The report describes what appears to be ongoing discovery being
conducted in this case. The Court notes that a stay remains in place. See Dkts. 397, 376,
362, 290. The Court will address this concern after the stay is lifted. Until the stay is
lifted, there shall be no further filings from the parties. (yxp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT D

```
              IN THE UNITED STATES DISTRICT COURT
                     DISTRICT OF ARIZONA


JASON LOU PERALTA,            |NO.2:17-cv-03195JJT
                              |
           Plaintiff,         |
      v.                      |
                              |
WORTHINGTON INDUSTRIES, INC.; |
WORTHINGTON CYLINDER          |
CORPORATION; WORTHINGTON      |
CYLINDER, LLC; BERNZOMATIC    |
COMPANY,                      |
                              |
           Defendants.        |
_____|



          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                  WESTERN DIVISION


KURTIS M. BAILEY,             |NO. 1:16-cv-07548
                              |
           Plaintiff,         |
      v.                      |
                              |
WORTHINGTON CYLINDER          |
CORPORATION; WORTHINGTON      |
INDUSTRIES, INC.              |
                              |
           Defendants.        |
_____|




              WITNESS:  MICHAEL RIDLEY

                     VOLUME I
```

1           Video-Deposition of MICHAEL RIDLEY, a

2    non-party witness called for Oral Examination in the

3    above-entitled action, said deposition being taken pursuant

4    to Rules governing Federal Procedure in the State of New York,

5    held at the offices of GIBBONS, PC, One Pennsylvania Plaza;

6    New York, New York on Friday, January 26, 2018 commencing at

7    10:03 a.m., before MICHAEL WILLIAMS, a Notary Public and

8    Registered Professional Court Reporter.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2    A P P E A R A N C E S:

3
     FOR THE PLAINTIFFS KURTIS M. BAILEY and JASON LOU
4    PERALTA:

5    EAST BAY LAW
     1417 Solano Avenue
6    Albany, California 94706
     BY: ANDREW W. SHALABY, ESQ.
7

8    FOR THE DEFENDANTS WORTHINGTON CYLINDER
     CORPORATION and WORTHINGTON INDUSTRIES, INC.:
9    BOWLES & VERNA, LLP

10   2121 N. California Blvd.
     Walnut Creek, California 94596
11   BY: RICHARD A. ERGO, ESQ.

12
     FOR THE DEPONENT:
13   FROST BROWN TODD, LLC

14   3300 Great American Tower
     301 East Fourth Street
15   Cincinnati, Ohio 45202
     BY: BETH SCHNEIDER NAYLOR, ESQ.
16

17

18   ALSO PRESENT:

19   Sonia Dunn-Ruiz - Paralegal
     Larry Moskowitz - Videographer
20

21

22

23

24

25

Michael Ridley v. John Doe
January 26, 2018

```
1              I N D E X

2    WITNESS              EXAMINATION BY         PAGE

3    Michael Ridley      Richard Ergo            6

4                        Andrew Shalaby          52

5

6              E X H I B I T S

7    PLAINTIFF           DESCRIPTION             PAGE

8    Exh 1               Declaration of Dr.      156

9                        Anderson

10
     Exh 2               Photograph of Shadbolt  164
11                       cylinder

12   Exh 3               Defendant's Response     211
                         and Status Post Conference
13                       Statement

14      L I T I G A T I O N   S U P P O R T

15              I N S E R T S

16   DESCRIPTION                         PAGE/LINE

17                  (None)

18      M A R K E D   F O R   R U L I N G

19   QUESTION                            PAGE/LINE

20                  (None)

21    R E Q U E S T S   F O R   P R O D U C T I O N

22   DESCRIPTION                         PAGE/LINE

23                  (None)

24

25
```

Michael Ridley, Volume 1
January 26, 2018

```
 1              THE VIDEOGRAPHER:  Good morning.  We

 2   are now on the record.  This is the videotape

 3   deposition of Michael Ridley taken by the

 4   defendants in the matter of Jason Lou Peralta

 5   versus Worthington Industries, Inc, et al.,

 6   Kurtis M. Bailey versus Worthington Cylinder

 7   Corporation, et al. in the United States District

 8   Court for the Northern District of Illinois.

 9              This deposition is being held at

10   Gibbons, One Penn Plaza; New York, New York on

11   January 26, 2018.

12              My name is Larry Moskowitz from U.S.

13   Legal Support, and I'm the video legal

14   specialist.  The court reporter is Michael

15   Williams also from U.S. Legal Support.

16              We're going on the record at

17   10:04 a.m., and counsel will now state their

18   appearances for the record.

19              MR. ERGO:  Richard Ergo for the

20   Worthington entities and also the Peralta case is

21   pending in the District Court in Arizona.

22              MR. SHALABY:  Andrew Shalaby for

23   both the plaintiffs and Sonia Dune-Ruiz with me

24   my paralegal, both plaintiffs.

25              MS. SCHNEIDER NAYLOR:  Attorney Beth
```

1   Schneider Naylor appearing on behalf of the

2   deponent Michael Ridley.

3             THE VIDEOGRAPHER:  Will the reporter

4   please administer the oath.

5                 MICHAEL RIDLEY,

6   called as a witness, having first been duly

7   sworn, testifies as follows:

8             MS. SCHNEIDER NAYLOR:  As counsel

9   for the deponent Michael Ridley, I'd like to put

10  a statement on the record that neither the

11  deponent, Michael Ridley, nor his employer

12  Newell, are parties in either the Bailey or the

13  Peralta lawsuits in which this deposition is

14  being taken.

15            Mr. Ridley has agreed to appear at

16  the request of Defendant Worthington to provide

17  third-party fact testimony regarding the fracture

18  work.

19                 EXAMINATION

20  BY MR. ERGO:

21      Q.    All right.  Good morning, Mr.

22  Ridley.

23      A.    Good morning.

24      Q.    Could you state your full name.

25      A.    Michael Ridley.

1        Q.      Okay.

2                MR. ERGO:  Almost done with those

3   two questions?

4                MR. SHALABY:  I'm done, Mr. Ridley.

5   Thank you very much.

6                MR. ERGO:  No further questions.

7                THE VIDEOGRAPHER:  We're going off

8   the record.  The time is 2:56 p.m.  This is the

9   end of tape 4.

10               (Time noted:  2:56 p.m.)

11

12

13

14

15                  _____

16                     MICHAEL RIDLEY

17

18

19

20

21  Subscribed and sworn to before me this _____

22  day of _____, 20_____.

23  _____

24       Notary Public

25

# EXHIBIT E

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   Andrew W. Shalaby ,                     Case No.:  11-cv-0068-AJB-DHB

12                          Plaintiff,       **ORDER DENYING SHALABY'S**
                                             **MOTION TO SET ASIDE THE**
13   v.                                      **COURT'S JANUARY 5, 2018 ORDER**
                                             **(Doc. No. 82)**
14   Bernzomatic, et al.,

15                         Defendants.

16

17        Pro se plaintiff Andrew Shalaby, a California-licensed attorney, moved to terminate

18   a prefiling order put in place by this Court in 2012. (Doc. No. 72.) The Court, not convinced

19   the order should be lifted, denied his request. (Doc. No. 79.) Shalaby then moved for

20   permission to file a brief responsive to the Court's order, which the Court granted.

21   (Doc. No. 80.) Shalaby now requests relief from the Court's prior order, arguing primarily

22   that the Court overlooked the fact that Bernzomatic no longer exists to benefit from the

23   prefiling order. (Doc. No. 82 at 2.) But because the Court is not confident Shalaby will

24   respect the legal impediment in filing suit against the defendants, the Court **DENIES** his

25   request, without prejudice. The Court will address Shalaby's various arguments in turn.

26        **A.    The Court is Not Angry with Shalaby**

27        Shalaby first accuses the Court of being angry with him. (*Id.* at 3–4.) However, the

28   Court's initial decision to enter a prefiling order—and its recent ruling preserving that

1

11-cv-0068-AJB-DHB

1   order—was not done in anger or vindictiveness. While the Court sympathizes with the

2   victims Shalaby represents, it is ultimately duty-bound to the law.

3        **B.   Bernzomatic's Non-Existence**

4        Shalaby next argues that a change in facts requires termination of the prefiling order.

5   (*Id.* at 2.) As Shalaby succinctly states, "there is no 'Bernzomatic.'" (*Id.*) Shalaby affirms

6   Worthington Industries manufactured the subject products, but argues he "has never sued

7   Worthington in all these years, providing about as solid of evidence as can be that Shalaby

8   would never have filed another suit against Bernzomatic, regardless of the fact that the

9   entity no longer exists." (*Id.*)

10       Defendants respond that the prefiling order covers parties other than Bernzomatic.

11  (Doc. No. 83 at 2.) The prefiling order itself sets forth that "Andrew Shalaby must seek

12  and obtain leave of this Court, prior to filing any new actions, **against any defendant**, in

13  any forum, based upon, or related in any way, to injuries he sustained as a result of the

14  accident on April 21, 2006." (Doc. No. 66 at 8 (emphasis added).) Defendants note this

15  includes others beyond Bernzomatic, such as Worthington, Newell Operating Company,

16  and Irwin Industrial Tool Company. (Doc. No. 83 at 2.) Defendants maintain that because

17  these companies do exist and have exposure to lawsuits, the prefiling order continues to be

18  necessary. (*Id.* at 2–3.)

19       Defendants are correct. The prefiling order was not put in place solely to protect

20  Bernzomatic from suit, otherwise the order would be obsolete. The order's purpose is to

21  limit Shalaby from filing an action without the Court's approval against any defendant

22  relating to Shalaby's incident. And as the Court has held its orders are applicable to the

23  other entities in place of the now-defunct Bernzomatic, they still have liability in this

24  matter. (*Id.* (discussing Worthington in an order denying Shalaby's motion to set aside a

25  protective order in Case No. 07-cv-2107-MMA-BLM).)

26       **C.   Defendants' Supplemental Filings**

27       Three days after the Court held a hearing on this motion, defendants filed a relevant

28  supplemental document. (Doc. No. 85.) In this supplemental filing, defendants attached

1   two opinions from the Northern District of Illinois and the District of Arizona. (*Id.*)

2   In the first opinion, Magistrate Judge Johnston expresses incredulity at the case

3   before him. He declares: "This case is a straight-forward products liability case, which

4   despite the court's efforts, has turned into a nearly uncontrollable side-show . . . . the vast

5   majority of the blame has been caused by [Shalaby]." (Doc. No. 85-1 at 2.) Judge Johnston

6   summarizes Judge Tuchi's order from the District of Arizona, and waxes how both cases

7   have experienced difficulty because of Shalaby. (*Id.* ("nearly all the problems that Judge

8   Tuchi has encountered in his case relating to Mr. Shalaby have occurred in the case before

9   this Court.")) Most concerning, Judge Johnston wrote:

> In a subsequent filing to Judge Tuchi, which was also emailed to this Court, Mr. Shalaby notes that he is having medical issues and, according to Mr. Shalaby, the medication he is taking may be impairing his abilities and judgment. I am not a doctor, and, so, I cannot form an opinion on that representation. But the Court can state that, from the onset of the case, Mr. Shalaby's filings, statements and representations are less than linear. Early on, the Court noted that the filings were, at times, internally inconsistent and contradictory. Moreover, Mr. Shalaby's representations have been conflicting. His recent 180 degree change in litigation strategy as to whether he would be retaining an opinion witness is just one example. Moreover, as noted by Judge Tuchi's ruling, Mr. Shalaby appears to operate under the assumption that court orders and directions are mere suggestions that he can revisit at any time.

19   (*Id.* at 3.) Judge Johnston—in order to "regain control of this case"—drastically hit "the

20   reset button" and struck all pending motions pending "the conclusion of Mr. Shalaby's

21   medical treatment." (*Id.*) Pertinent to this ruling is the date—February 5, 2018—merely

22   days after the Court's February 2 motion hearing. (*Id.*) Although this Court is not solely

23   relying on Judge Johnston's ruling in this order, it does corroborate the Court's underlying

24   concern that Shalaby, repeatedly, ignores Court orders and continually re-litigates issues

25   the Court ruled on, old and new. And because it was recently filed, the Court finds its

26   relevance significant.

27   **D.   Rule 11 Sanctions Not Required Prior to a Prefiling Order**

28   Next, Shalaby argues Rule 11 sanctions were required before imposing a prefiling

1   order, but fails to cite any supporting case law supporting this argument. (*Id.*) While one

2   Court's holding suggests a pre-filing order is a type of Rule 11 sanction, there is no case

3   law requiring sanctions be imposed *before* a prefiling order is established. *See West v.*

4   *Maxwell*, No. C10–5275BHS, 2010 WL 3489551, at *7 (W.D. Wash. Sept. 1, 2010) ("The

5   Court concludes that the pre-filing order against West is a sufficient sanction under Rule

6   11 of the Federal Rules of Civil Procedure . . . ."); *Galeska v. Duncan*, 894 F. Supp. 1375,

7   1381 (C.D. Cal. June 29, 1995) ("FRCP Rule 11 authorizes sanctions of a non-monetary

8   nature. Fed. R. Civ. P. 11(c)(2). The Fifth Circuit has imposed pre-filing restrictive orders

9   pursuant to FRCP Rule 11.").

10        Shalaby claims that because he stated under penalty of perjury he would not file

11   another suit against Bernzomatic, the Court should terminate the prefiling order. (Doc. No.

12   82 at 6.) And, at the hearing, Shalaby offered a host of other sanctions the Court could

13   place on him should he break his promise not to file another case based on his cause of

14   action. However, as mentioned previously, the order extends to entities beyond

15   Bernzomatic who still have exposure and thus deserve the benefit of the prefiling order.

16   Defendants made a convincing argument, supported by Judge Johnston's and Judge

17   Tuchi's orders, that these other options—sanctions, bar reporting, limitations defenses—

18   will not stop Shalaby from filing, forcing the now-defunct Bernzomatic, and its progeny,

19   into more costly litigation.

20        **E.**   **The Court's Previous Denial of Shalaby's Expert Witness**

21        Shalaby also attempts to re-litigate a decision made in his previously filed action,

22   Case No. 07-cv-2107-MMA-BLM. (Doc. No. 82 at 5.) There, the Court disqualified his

23   expert witnesses without granting leave to cure, which, as Shalaby argues, "lead to the

24   deaths of Ms. Marmong, Mr. Tram, and likely several others . . . ." (*Id.*) Referencing an

25   Illinois Court who hired its own expert witnesses, he now requests this Court remedy the

26   mistake made years ago. (*Id.*) However, because that decision was made by a different

27   District Judge on another case against different defendants, this Court will not address it.

28   The Court notes, however, that this is an example of Shalaby's attempts to appeal an order

4

1 | made years prior.

2 |       **F.**    **Conclusion**

3 |     Shalaby appears to have a history of disrespecting court orders. The defendants, at

4 | this time, have convinced the Court that the risk of filing another suit outweighs any

5 | prejudice Shalaby faces by having the prefiling order in effect. Shalaby has not been

6 | stopped from bringing claims on behalf of his clients in other courts. Although the Court

7 | sympathizes with Shalaby's plight and the prefiling's order effect on his other cases, the

8 | Court believes the issue is better handled through protective, summary judgment, or *in*

9 | *limine* motions. Moreover, Judge Johnston's recent decision instilled doubt on this Court

10 | that Shalaby will uphold the representations he made to not file due to the possible

11 | reprimands that could befall him; nor is the Court convinced those hurdles would prevent

12 | Shalaby from filing once more should the prefiling order be lifted.

13 |     For these reasons, the Court **DENIES** without prejudice Shalaby's motion to set

14 | aside its previous order, (Doc. No. 82), and once again denies terminating the prefiling

15 | order at this time.

16 | **IT IS SO ORDERED.**

17 | Dated:  February 28, 2018

18 |                 Hon. Anthony J. Battaglia

19 |                 United States District Judge

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11    Andrew W. Shalaby ,                    Case No.:  11-cv-0068-AJB

12                              Plaintiff,   **ORDER DENYING PLAINTIFF'S**

13    v.                                     **MOTION TO TERMINATE**
                                             **PREFILING ORDER (Doc. No. 72)**
14    Bernzomatic, et al.,

15                             Defendants.

16

17        Pro se plaintiff Andrew Shalaby, a California-licensed attorney, moves to terminate

18    a prefiling order put in place by this Court in 2012. (Doc. No. 72.) Because Shalaby has

19    not convinced the Court the order should be lifted, the Court **DENIES** his request without

20    prejudice.

21        After litigating for over six years against Bernzomatic for injuries Shalaby sustained

22    while using a torch product, the Court granted Bernzomatic's motion for a prefiling order.

23    (Doc. No. 66.) For brevity's sake, the Court will not reiterate the legion of complaints,

24    reconsideration motions, ex parte applications, rehearing petitions, recusal motions, and

25    appellate motions Shalaby has filed. Those filings were meticulously detailed in a

26    Bernzomatic motion, (*see* Doc. No. 6 and its accompanying exhibits, Nos. 6-3, 6-6), as

27    well as the prefiling order itself, (Doc. No. 66 at 5–7). Shalaby now argues the "ancient"

28    prefiling order unfairly prejudices his clients and "besmirches" his reputation.

                                             1

1   (Doc. No. 72 at 2–3.) He contends there is "no possibility of [Shalaby] filing another action

2   on his behalf arising in relation to any aspect of this old lawsuit." (*Id.* at 2.) Bernzomatic

3   disagrees, stating the prefiling order is narrowly tailored and only prevents him from filing

4   lawsuits on his own behalf regarding injuries related to the initial product liability case.

5   (Doc. No. 74 at 5.) Bernzomatic fears lifting the prefiling order will open the gate for

6   Shalaby to continue his crusade. (*Id.*)

7       Shalaby fails to show any legal grounds for relief in his motion, but merely argues

8   the order should be terminated. His relief could be granted under Rule 60(b), through a

9   reconsideration motion, or under California law. He is years late for a reconsideration

10   motion, thus it is the Court's best guess he is attempting to use Rule 60(b) as an appeal of

11   sorts. Rule 60(b) allows for relief from a final order when there is mistake, neglect, newly

12   discovered evidence, fraud, misrepresentation, misconduct, a judgment is void or has been

13   satisfied, released, or discharged, or any other reason which justifies relief. Fed. R. Civ. P.

14   60(b). Shalaby offers no grounds for relief under Rule 60(b)(1)–(5), nor do his complaints

15   meet the Rule 60(b)(6) catch-all—a tool to be "used sparingly as an equitable remedy to

16   prevent manifest injustice" and "utilized only where extraordinary circumstances

17   prevented a party from taking timely action to prevent or correct an erroneous judgment."

18   *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). His

19   contentions of prejudice and embarrassment simply do not rise to the level of manifest

20   injustice or extraordinary circumstances warranting reversal.

21       Shalaby fares no better under California law. Under California Code of Civil

22   Procedure § 533, a prefiling order is considered an injunction and thus is subject to

23   modification if there is (1) a change in the facts, (2) a change in the law, or (3) to meet the

24   ends of justice. C.C.C.P. § 533; *Luckett v. Panos*, 73 Cal. Rptr. 3d 745, 750 (2008). Shalaby

25   fails to present evidence supporting a modification. He does not cite to any intervening

26   change in facts or law, rather, his motion argues the prefiling order is unjust and prejudicial

27   towards him and his clients. However, Shalaby's case is a tale of chosen fate. He was

28   repeatedly warned that continued filings disregarding the Court's orders would result in a

1   prefiling order. Indeed, the Court initially declined Bernzomantic's prefiling order request,

2   only to grant it seven-months-and-a-handful-of-unsubstantiated-reconsideration-motions

3   later.

4        It is apparent the prefiling order has not prevented Shalaby from filing complaints

5   on behalf of his clients around the country. In his motion, he discusses cases filed in Illinois

6   and Arizona. (Doc. No. 72 at 4.) While the Court sympathizes with Shalaby's undoubted

7   frustration with defendants in those actions using the prefiling order in their motions,

8   Shalaby has not shown any proof of actual prejudice against those clients. (Doc. No. 72-2

9   at 3.) The prefiling order was purposely narrowly tailored to prevent such a thing; it only

10  precludes Shalaby from filing actions on his own behalf regarding the specific incident

11  which gave rise to his suit against Bernzomatic in the first place. Or rather, as Bernzomatic

12  succinctly states, "[The prefiling order] does not *prevent* Mr. Shalaby from doing anything.

13  Rather, it requires the Court to review any filings made by Mr. Shalaby *related to his own*

14  *injuries* before he proceeds with filing." (Doc. No. 74 at 10.)

15       Moreover, the Court is unpersuaded by Shalaby's attempts to insinuate that the

16  prefiling order has caused—or is causing—injuries and deaths to consumers or prevents

17  injured consumers from seeking justice. (*See* Doc. No. 72 at 4–5.) Shalaby pleads, "[t]he

18  several cases I have in which I represent plaintiff-victims of these products will bring an

19  end to the injuries and deaths, but the added burden and hurdle of the prefiling order in this

20  case continues to be quite an unnecessary obstacle." (*Id.*) The argument is nonsensical, as

21  the prefiling order only extends to actions brought by Shalaby himself, his wife, or any

22  person acting on their behalf, and only includes actions filed regarding injuries Shalaby

23  sustained from the April 21, 2006 accident. Shalaby is free to file actions on behalf of other

24  clients without jumping through the prefiling order's hoops.

25       The Court finds the ends of justice continue to be adequately served with the

26  prefiling order in place. Despite his claim defendants are using the prefiling order to

27  "besmirch" his reputation, he provides no evidence of such. Despite his claim his clients

28  are being unfairly prejudiced, he continues to file cases in his march against Bernzomatic

1   and his belief the products are defective. And, despite other defendants noting the prefiling

2   order's existence in their moving papers, Shalaby has not shown any consequences have

3   befallen him or his clients from the order's continuation.

4        Thus, the Court **DENIES** Shalaby's motion to terminate the prefiling order without

5   prejudice. *Luckett*, 73 Cal. Rptr. at 752 ("The denial without prejudice is an implied

6   recognition . . . that vexatious litigant status should be erasable in appropriate

7   circumstances." (internal quotations omitted)).

8   **IT IS SO ORDERED.**

9   Dated: January 5, 2018

10

11                                Hon. Anthony J. Battaglia
                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| Andrew W. Shalaby, | Case No.: 11-cv-0068-AJB-DHB |
| Plaintiff, | **ORDER DENYING RELIEF** |
| v. | **(Doc. Nos. 94, 98)** |
| Bernzomatic, et al., | |
| Defendants. | |

16
17

In 2012, the Court issued a prefiling order in this case. (Doc. No. 66.) In 2017, Shalaby filed a motion to set aside the prefiling order, which the Court denied. (Doc. Nos. 72, 79.) Shalaby then immediately requested the Court to reconsider *that* motion, which again, the Court denied. (Doc. Nos. 80, 86.) Since the Court denied his second reconsideration motion to terminate the prefiling order, there have been 19 documents filed over three months—most of which are filings requesting the Court to reconsider terminating the prefiling order. (Doc. Nos. 90, 95, 97, 98, 99, 102, 103, 105.)

Yet, in none of these supplemental filings does Shalaby give the Court a valid legal justification to overturn its two previous orders denying reconsideration. In nearly each motion, Shalaby questions the rulings of judges from different districts, (Doc. No. 95); requests this Court issue a protective order on public documents to prevent their use in other courts, (*Id.* at 2); accuses defendants of weaponizing the prefiling order in other

1    actions, (Doc. Nos. 99-1 at 2–3; 105 at 2); and generally relitigates the underlying issues

2    from his trial, (Doc. No. 99-1 at 3).

3         Shalaby has not presented the Court with an intervening change in the law or the

4    facts of his case to warrant reconsideration under the local rules. CivLR 7.1(i). He also has

5    not presented a relevant argument justifying relief under Federal Rule of Civil

6    Procedure 60. This Court cannot prevent any opposing counsel from using publicly-filed

7    documents in their cases. Moreover, even if this Court were to terminate the prefiling order,

8    it could not prevent the fact that one existed for a number of years from being introduced

9    by opposing counsel in other courts. The Court declines addressing Shalaby's other

10    arguments regarding this Court's impartiality, (*see* Doc. No. 95 at 5), or any role Shalaby

11    accuses the Court in playing in his clients' injuries, (*see* Doc. No. 98 at 3).

12         The Court notes that Shalaby's repeated and unavailing arguments and motions are

13    partially what led the Court to deny his first two reconsideration requests. Having heard

14    Shalaby's objections to the supplemental filing, the Court **DECLINES** to order further

15    relief and now considers the matter final.

16    **IT IS SO ORDERED.**

17    Dated:  August 8, 2018

18                    Hon. Anthony J. Battaglia

19                    United States District Judge

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12 | ANDREW W. SHALABY                          )   Civil No. 11cv68 AJB (POR)
                                               )
13 |              Plaintiff,                    )
   | v.                                         )   ORDER DENYING MOTION FOR
14 |                                            )   RECONSIDERATION AND GRANTING
   | BERNZOMATIC, an unincorporated             )   MOTION FOR PREFILING ORDER
15 | Division of IRWIN INDUSTRIAL TOOL          )
   | COMPANY; IRWIN INDUSTRIAL TOOL            )   [Doc. No. 57, 61]
16 | COMPANY; NEWELL OPERATING                  )
   | COMPANY, INC., and DOES 1 through 50,      )
17 | INCLUSIVE;                                 )
   |              Defendants.                   )
18 | _____       )

19   On April 19, 2012, Plaintiff Andrew Shalaby filed a motion for reconsideration. (Doc. No. 57)

20 The Plaintiff supports his motion for reconsideration by arguing that he has discovered new evidence

21 that he was unable to discover earlier. (*Id.* at 3.) On May 4, 2012, Defendants, Bernzomatic et al., filed

22 an opposition and a motion for prefiling order. (Doc. No. 61) On May 9, 2012, the Plaintiff filed a reply.

23 (Doc. No. 62) Based upon the parties' moving papers and for the reasons set forth herein the Plaintiff's

24 motion for reconsideration is DENIED and the Defendants' motion for prefiling order is GRANTED.

25           ***Background***

26   The Plaintiff purchased a hand-held gas-powered torch from Home Depot produced by the

27 Defendants. The Plaintiff alleged that he sustained injuries on April 21, 2006, due to a torch malfunc-

28 tion. On October 10, 2006, the Plaintiff filed a diversity products liability case under California law

1    against the Defendants in the Alameda County Superior Court. The action was removed to the Northern

2    District of California and transferred to the Southern District of California. The Honorable Michael M.

3    Anello granted the Defendants' motion for summary judgment on July 28, 2009. The Ninth Circuit

4    Court of Appeals affirmed the district court's decision and issued an opinion on May 17, 2010. *See*

5    *Shalaby v. Newell Rubbermaid, Inc.,* 379 Fed. Appx. 620 (9th Cir. 2010). The Supreme Court denied the

6    Plaintiff's Petition for Writ of Certiorari on November 1, 2010. (Doc. No. 5-3, at 104.)

7       The Plaintiff, an attorney licensed in the state of California, initiated the current action, pro se,

8    on January 12, 2011. He filed the First Amended Complaint ("FAC") a day later on January 13, 2011.

9    (Doc. No. 3) The Plaintiff alleged five causes of action against the Defendants: 1) Declaratory Relief; 2)

10    Fraud; 3) Intentional Tort; 4) Negligence; and 5) Injunctive Relief. On February 4, 2011, Defendants

11    filed a motion to dismiss, (Doc. No. 5), for failure to state a claim which was subsequently granted on

12    September 9, 2011. (Doc. No. 23.) At that time, all of the Plaintiff's claims were dismissed with

13    prejudice, except for the Plaintiff's general theory of fraud and request for injunctive relief, which were

14    dismissed without prejudice. The Plaintiff filed a Second Amended Complaint ("SAC"), (Doc. No. 34),

15    on October 8, 2011, which again alleges a claim under a general theory of fraud and seeks injunctive

16    relief. The Plaintiff also asserted a cause of action for fraud and unfair business practices. The Defen-

17    dants filed a motion to dismiss the SAC, (Doc. No. 36), on October 19, 2011, which was granted with

18    prejudice on March 9, 2012. (Doc. No. 48.)

19       On May 5, 2012, the Plaintiff filed this motion for reconsideration. (Doc. No. 57) The Plaintiff

20    claims that he has discovered new evidence that was withheld by the Defendants. (*Id.* at 3.) The Plaintiff

21    claims that the Defendants withheld a report entitled "Analysis of Failed MAPP Gas Cylinder" prepared

22    by R.A. Hoffman Engineering, P.C. ("Hoffman Report"). (*Id.* at 3.) The Plaintiff argues that this report

23    could not have been obtained sooner and therefore the Court should grant his request for reconsidera-

24    tion. (*Id.* at 3-4.) On May 4, 2012, the Defendants filed an opposition arguing that they were not

25    required to produce the Hoffman Report and in any event the report is irrelevant. (Doc. No. 61, at 5-7.)

26    Additionally, the Defendants include a request for a prefiling order. (*Id.* at 8.) The Plaintiff filed a reply

27    on May, 9, 2012. (Doc. No. 62.)

28

11cv68

***Legal Standard***

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted). As the Ninth Circuit has explained, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citations and internal quotation marks omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

***Discussion***

The Plaintiff argues that the Hoffman Report was never disclosed by the Defendants and that this failure to disclose warrants the granting of the Plaintiff's motion for reconsideration. (Doc. No. 57, at 3.) The Defendants argue that the Hoffman Report is irrelevant on several grounds and fails to support the Plaintiffs' request for reconsideration. (Doc. No. 61, at 5-7.)

*I. Motion for Reconsideration*

The sole basis of the Plaintiff's motion for reconsideration is that Bernzomatic allegedly improperly withheld the Hoffman Report in the prior action. (Doc. No. 57, at 3.) In support of this allegation, the Plaintiff simply states: "Extensive discovery was exchanged between the parties. Defendants provided many reports and documents pertaining to other injuries and cases. However, they withheld one." (*Id.*) The Plaintiff does not provide any facts indicating that the Defendant should have produced the report. No discovery request or response is cited, no deposition questions are referred to, no order of the Court is noted. There is simply no basis for this Court to find that the Defendant improperly withheld anything.

Additionally, the Court dismissed the Plaintiff's claims on several independent bases that would have remained sound even if the Plaintiff had been in possession of the Hoffman Report prior to the initiation of this action. The SAC was dismissed because: (1) the Plaintiff's claims are barred by res judicata, (Doc. No. 48, at 7-9.); (2) the Plaintiff was unable to allege reasonable reliance and resulting

1  damage (*Id.* at 12.); (3) the Plaintiff does not have standing to assert a UCL claim (*Id.* at 13-15.); and (4)

2  the Plaintiff's claims are barred by the statute of limitations, (*Id.* at 15-16.)

3      Furthermore, upon review of the Hoffman Report, the Court finds that it is irrelevant because it

4  relates to a purported metallurgical analysis of a single cylinder that was not involved in the Plaintiff's

5  incident. The cylinder examined by Dr. Hoffman was manufactured by Western Industries. (Doc. No.

6  57-2, at 4.) The Plaintiff claims that the cylinder involved in his accident was manufactured by

7  Worthington, not Western Industries, but that Worthington purchased the MAPP gas manufacturing

8  facility from Western Industries, Inc. in September 2004, and went on to manufacture in that facility "24

9  million MAPP gas cylinders" up to that time. (Doc. No. 62, at 4.) Despite the Plaintiff's arguments to

10  the contrary, the Court finds this report to be irrelevant for the reasons stated above.

11  *II. Defendant's Request for Prefiling Order*

12      Defendant Bernzomatic renews it's request that this Court issue a prefiling order requiring the

13  Plaintiff to post a $25,000 bond, or "approximately double the outstanding cost awards to date to secure

14  future costs before filing any claims." (Doc. No. 61, at 9.) In addition, the Defendant requests that the

15  order apply to Plaintiff's wife, Sonia Dunn-Ruiz and any other person acting on their behalf. (*Id.*) The

16  prefiling order requested by Defendant would require the Plaintiff obtain leave of the court "prior to

17  filing any new actions against any defendant, in any forum, related in any way to the injuries he

18  sustained on April 21, 2006." (*Id.* at 9.) In the prior action Bernzomatic was awarded costs in the

19  amount of $11,383.21, which remain unpaid by the Plaintiff in violation of this Court's order. (Doc. No.

20  6-3, at 18-19.) Bernzomatic was also awarded costs by the Ninth Circuit in the amount of $31.20 which

21  remain unpaid by the Plaintiff in violation of the Ninth Circuit's order. (*Id.* at 20-22.) As a result,

22  Bernzomatic requests that the prefiling order include the requirement that the Plaintiff "verify and

23  document payment in full of the costs awarded to Bernzomatic from this Court and the Ninth Circuit."

24  (Doc. No. 61, at 9.)

25      The All Writs Act, 28 U.S.C. § 1651(a), gives district courts power to enjoin litigants with

26  abusive and lengthy histories from filing further litigation without first obtaining leave of the court. *De*

27  *Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot

28  be tolerated because it enables one person to preempt the use of judicial time that properly could be used

1    to consider the meritorious claims of other litigants." *Id*. at 1148. Nevertheless, a prefiling order is

2    considered an extreme remedy and as such, should rarely be granted. *Id*. at 1147. "Courts should not

3    enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process

4    right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)

5    (citations omitted). Thus, "orders restricting a person's access to the courts must be based on adequate

6    justification supported in the record and narrowly tailored to address the abuse perceived." *De Long*,

7    912 F.2d at 1149. A district court must consider four factors before entering a prefiling order. "First, the

8    litigant must be given notice and a chance to be heard before the order is entered." *Molski*, 500 F.3d at

9    1057. Next, "the district court must compile an adequate record for review." *Id*. (internal quotation

10   marks omitted). "Third, the district court must make substantive findings about the frivolous or

11   harassing nature of the plaintiff's litigation." *Id*. Lastly, "the vexatious litigant order must be narrowly

12   tailored to closely fit the specific vice encountered." *Id*. (internal quotation marks omitted).

13       ***A. First Factor***

14       The first factor requires that the litigant be given notice and a chance to be heard before the order

15   is entered. *Id*. In this case, the Plaintiff had fair notice of the possibility that he might have a pre-filing

16   order entered against him because the Defendants' motion for pre-filing was served on the Plaintiff.

17   (Doc. No. 61, at 36.) The Plaintiff also had the opportunity and did address the renewed pre-filing

18   motion in his reply. *See* Doc. No. 62. *Cf. Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d

19   1112, 1118 (9th Cir. 2000) (holding, in a case involving sanctions levied against an attorney, that an

20   opportunity to be heard does not require an oral or evidentiary hearing on the issue, but instead that the

21   opportunity to brief the issue fully satisfies due process requirements).

22       ***B. Second Factor***

23       The second factor requires the district court create an adequate record for review. *Molski*, 500

24   F.3d at 1059. "An adequate record for review should include a listing of all cases and motion that led the

25   district court to conclude that a vexatious litigant order was needed." *Id*.

26       The Plaintiff's claims against Bernzomatic, in which he seeks damages for personal injuries he

27   sustained as a result of an accident that occurred on April 21, 2006, have now been actively litigated for

28   six years. The Plaintiff's original complaint (Case No. 07-cv-2107, Doc. No. 1.) was filed in 2007, with

11cv68

summary judgment being entered against the Plaintiff and in favor of Bernzomatic on July 28, 2009. (Case No. 07-cv-2107, Doc. No. 209.) The basis of the Court's grant of summary judgment was that the Plaintiff did not produce evidence to support his claim that an alleged defect in the subject hand-held torch or the MAPP gas cylinder to which it was attached caused the Plaintiff's accident. (*Id.* at 24.) The Plaintiff appealed this summary judgment ruling to the Ninth Circuit, which affirmed this Court's ruling on May 17, 2010. (Doc. No. 5-3 at 51-55.) The Supreme Court denied review on November 1, 2010. (*Id.* at 104.)

In 2010, the Plaintiff attempted to relitigate his claims against Bernzomatic in the Contra Costa Superior Court. (*Id.* at 79.) On December 2, 2010 the state court dismissed the Plaintiff's claims. (*Id.* at 81.) The Plaintiff returned to this Court in 2011, in another effort to relitigate his claims. (Doc. No. 1) This Court dismissed the Plaintiff's FAC, (Doc. No. 3), on September 9, 2011, (Doc. No. 23), and his SAC, (Doc. No. 34), on March 9, 2012 (Doc. No. 48.) The Plaintiff has filed sixteen motions in an effort to relitigate these claims, including, ex parte applications, motions for reconsideration, petitions for rehearing, motions for recusal, and motions to appeal chambers orders.

This is the fourth time that the Plaintiff has attempted to introduce "newly discovered evidence" in an effort to relitigate his claims. The first attempt was in 2009 when the Plaintiff filed a motion to reopen discovery in the prior litigation. (Case No. 7-cv-2107, Doc. No. 93.) This motion was based upon his declaration that a year after his deposition was taken, he examined photographs from the time of his injury and underwent hypnosis which convinced him that the accident had occurred in a manner inconsistent with his prior testimony. (Case No. 7-cv-2107, Doc. No. 93-4, at 6.) The Court denied the Plaintiff's 2009 "newly discovered evidence" motion. (Case No. 7-cv-2107, Doc. No. 131.) In 2011, the Plaintiff filed a FAC in this action alleging that on May 19, 2010, he was contacted by a former Bernzomatic employee who claimed that Bernzomatic made misrepresentations during discovery and that such information was a basis to set aside the prior judgment. (Doc. No. 3, at 7). After the Court dismissed the Plaintiff's FAC, the Plaintiff filed a SAC alleging that he was once again contacted by a former Bernzomatic employee, this time on October 8, 2011, who told him that the hand-held torches do not contain fracture grooves. (Doc. No. 34, at 11-12.) The Court dismissed the Plaintiff's third newly discovered evidence claim. (Doc. No. 48.) The instant motion for reconsideration marks the Plaintiff's

1   fourth attempt to introduce "newly discovered evidence," this time from an unidentified source that he

2   will only reveal *in camera*. (Doc. No. 57, at 4.)

3        When the Court dismissed the Plaintiff's third newly discovered evidence claim it also denied

4   Bernzomatic's motion for prefiling order. (Doc. No. 23) The Court explained that it had considered the

5   four factors required to issue a prefiling order, and found that the Defendant's motion had merit, but

6   given the disfavored nature of such an order the Court declined to issue it at that time. (*Id.* at 14.) The

7   Court acknowledged the Plaintiff's lengthy history of filing meritless motions and attempting to

8   relitigate issues. (*Id.* at 14.) Additionally, the Court acknowledged that the Plaintiff was previously

9   warned by the Court that sanctions would be imposed if he continued his attempts. (*Id.* at 14.) Addition-

10  ally, the Court warned the Plaintiff that any failure to comply with the order or any attempt to relitigate

11  the claims dismissed with prejudice would result in sanctions. (*Id.* at 14-15.) Since that order, the

12  Plaintiff has filed a motion to extend his time to amend, (Doc. No. 24), a request for judicial notice

13  regarding a recall, (Doc. No. 41), an ex parte motion for leave to file a supplemental complaint, (Doc.

14  No. 43), a request for judicial notice of a complaint filed in Louisiana, (Doc. No. 45), a notice of appeal,

15  (Doc. No. 53), and the instant motion for reconsideration, (Doc. No. 57). It is clear that the Plaintiff has

16  not heeded the Court's warning, and continues to file frivolous motions to relitigate his claims.

17       *C. Third Factor*

18       The third factor requires the district court to make substantive findings about the frivolous or

19  harassing nature of the plaintiff's litigation. *Molski*, 500 F.3d at 1059. "To decide whether the litigant's

20  actions are frivolous or harassing, the district court must look at both the number and content of the

21  filings as indicia of the frivolousness of the litigant's claims." *Id.* (citations and internal quotations

22  marks omitted). The Court finds that the motions discussed above are a frivolous, rehashing of

23  arguments already considered and rejected by the Court.

24       *D. Fourth Factor*

25       The fourth and final factor requires "that the pre-filing order must be narrowly tailored to the

26  vexatious litigant's wrongful behavior." *Id.* at 1061. Defendants request the Court issue a prefiling

27  order that requires the Plaintiff obtain leave of the court "prior to filing any new actions against any

28  defendant, in any forum, related in any way to the injuries he sustained on April 21, 2006." (Doc. No.

1 | 61, at 9.) The Defendants also request that the Court require the Plaintiff to "verify and document

2 | payment in full of the costs awarded to Bernzomatic from this Court and the Ninth Circuit." (*Id.*) The

3 | Court finds Defendants' requests to be narrowly tailored to the Plaintiff's wrongful behavior. The

4 | requested prefiling order only prevents the Plaintiff from filing any new actions regarding the injuries

5 | related to the accident on April 21, 2006. The order thus covers only the type of claims that the Plaintiff

6 | had been filing vexatiously and is narrowly tailored because it merely subjects the Plaintiff's complaints

7 | to an initial screening review by the Court. As such, it will not deny the Plaintiff access to courts on any

8 | claim that is not frivolous.

9 | Accordingly, the Court finds that all four prefiling factors have been met and a prefiling order

10 | against the Plaintiff is warranted. Andrew Shalaby must seek and obtain leave of this Court, prior to

11 | filing any new actions, against any defendant, in any forum, based upon, or related in any way, to

12 | injuries he sustained as a result of the accident on April 21, 2006. The filing for such leave must contain

13 | verification and documentation that Andrew Shalaby has paid in full all cost awards against him and in

14 | favor of Bernzomatic. If such leave is deemed appropriate by this Court, Andrew Shalaby must post a

15 | bond to secure future costs in an amount to be determined at the time of any application for leave. This

16 | prefiling order extends to the Plaintiff, his wife Sonia Dunn-Ruiz and any other person or agent acting

17 | on their behalf.

18 | ### *Conclusion*

19 | For the reasons stated above, the Court **DENIES** the Plaintiff's motion for reconsideration and

20 | **GRANTS** the Defendants' motion for prefiling order.

21 | IT IS SO ORDERED.

22 |

23 | DATED:  July 27, 2012

24 | Hon. Anthony J. Battaglia

25 | U.S. District Judge

26 |

27 |

28 |

# EXHIBIT F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**DECLARATION OF DAVID THOMAS**

*In Re Subpoena and Deposition Notice to DAVID THOMAS*

Civil Action No.: _____

(Underlying Action Pending in the United States District Court for the District of Arizona, Civil Action No.: 2:17-cv-03195-JJT)
**and**
(Underlying Action Pending in the United States District Court for the Northern District of Illinois, Civil Action No.: 16-cv-07548 PRG-IDJ

David Thomas., declares as follows:

1.      I am an adult resident of the State of New York residing at 1004 East River Road, Grand Island, New York.

2.      I am currently semi-retired.  From 1990 to 2005, I worked at Bernzomatic in Medina, New York (owned by Irwin Industrial Tool Company, a subsidiary of Newell Rubbermaid).  All of the positions I held involved Manufacturing Engineering and Operations.

3.      I was never involved in the design, testing or evaluation of the torches and cylinders.  Specifically, I was never involved in the design, testing or evaluation of the fracture groove.

4.      The Bernzomatic employee who would be knowledgeable about the design, testing and evaluation of the torches, fracture groove and cylinders is the Senior Engineering Manager, Michael Ridley.

5.      On November 13 or 14, 2018, I was served at my home with the attached documents requiring my appearance at Alliance Court Reporting at 120 East Avenue in Rochester, New York on December 20, 2018. A complete, true and accurate copy of the subpoenas served is annexed as Exhibit A.

6.      It took me quite some time to find someone who could provide me with direction and assistance in opposing the subpoenas.

7.      The subpoenas seem to be asking for testimony and things that I know nothing about.  I have never met Mr. Peralta or Mr. Bailey and have no information regarding their lawsuits.  I have been informed by my counsel that the products Mr. Peralta and Mr. Bailey were using at the time of their accidents were not manufactured by Bernzomatic but were manufactured by Worthington.

8.      I do not have any documents responsive to the subpoenas.

9.      I have never been an employee of Worthington and I have never worked at Worthington's Wisconsin manufacturing facility.

10.     Mr. Shalaby, the attorney for Mr. Bailey and Mr. Peralta, has attempted to contact me on numerous occasions to the point of harassment.

11.     Being forced to travel from my home near Buffalo, New York to Rochester, New York only days before Christmas is unfair and places an undue burden on my family and me.

12.     On December 3, 2018, I received a letter from counsel for Mr. Bailey and Mr. Peralta via regular U.S. mail stating, "You are scheduled to testify…on December 20, 2018 at 10 a.m…. We would like to know if you would be willing to travel to Manhattan, NY for your deposition…." Manhattan is more than 400 miles from where I reside!

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2018

David Thomas

12-4-18

0108292.0656548   4838-0679-7441v2

# EXHIBIT A



**PREMIER PROCESS SERVICE OF WNY, INC.**
P.O. BOX 1932
AMHERST, NY 14226
(716) 598-5860

1506

10-4/220

DATE 11-8-18

PAY TO THE ORDER OF David Thomas                    $ 87.15

Eighty Seven Dollars & 15/100                         DOLLARS

M&T Bank

FOR 16-CV-07548

⑆001506⑆ ⑈022000046⑈ 9864212726⑉

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Kurtis M. Bailey | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   16-cv-07548 PRG-IDJ |
| Worthington Industries Incorporated, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:                                     DAVID THOMAS

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Problems and defects with Bernzomatic/Worthington/Western/Chilton NRT fuel cylinders and torches, including failures, defects, injuries, damage, and matters pertaining to the design of the torch fracture groove.

| Place: Alliance Court Reporting, Inc.<br> 120 East Avenue, Suite 200<br> Rochester, NY 14604  (tel. 585-546-4920) | Date and Time:<br> 12/20/2018 10:00 am |
|---|---|

The deposition will be recorded by this method:    stenographically by court reporter, and by video.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any documents, photos, and other materials pertaining to the Non-refillable tall ("NRT") fuel cylinders, containing all types of flamable fuels, AND TORCHES with the fracture groove features, produced by Bernzomatic, Irwin Industrial Tool, and/or any of their subsidiaries, manufacturers, or distributors. In particular, documents pertaining to problems and defects, including Roger Maxson and other reports.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/07/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | *[signature]* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Kurtis M. Bailey                                                   , who issues or requests this subpoena, are:
Andrew W. Shalaby, 7525 Leviston Avenue, El Cerrito, CA 94530   Tel. 510-551-8500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  16-cv-07548 PRG-IDJ

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ☑ I served the subpoena by delivering a copy to the named individual as follows:  Mr. John M. Nelson

355 UPPER VALLEY ROAD, ROCHESTER, NY 14624 _____

_____ on *(date)* _____ ; or

     ❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

     I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

David Wei Chen  sbn 184071
1300 Clay Street, Suite 600
Oakland, CA 94612-1427
Tel. 510-575-0851
Fax: 510-201-1577
Cell: 510-640-7251
email: david.chen@davidwchenlaw.com

Andrew W. Shalaby sbn 206841
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500
Fax: 510-725-4950
email: andrew@eastbaylaw.com

Attorneys for Plaintiff
Kurtis M. Bailey

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kurtis M. Bailey, | ) Case No. 16-cv-07548 PRG-IDJ |
| Plaintiff, | ) |
| | ) INSTRUCTIONS TO MR. DAVID |
| vs. | ) THOMAS FOR APPEARANCE AND |
| | ) PRODUCTION OF DOCUMENTS |
| | ) AT DEPOSITION |
| Worthington Cylinder Corporation, | ) |
| et al., | ) Deposition date: 12/20/18 |
| Defendants. | ) Time: 10:00 a.m. |
| | ) Location:  Alliance Court Reporting |
| | )               120 East Avenue, Suite 200 |
| | )               Rochester, NY 14604 |
| | )               (tel. 585-546-4920) |
| | ) |
| | ) Hon. Philip G. Reinhard |

---

Instructions to Mr. David Thomas          1          16-cv-07548 PRG-IDJ

TO MR. DAVID THOMAS:

You have been served with a subpoena to testify at a deposition in a civil action. You are respectfully requested to bring with you the following:

Any documents, photos, and other materials pertaining to the Non-refillable tall ("NRT") fuel cylinders, containing all types of flamable fuels, AND TORCHES with the fracture groove features, produced by Bernzomatic, Irwin Industrial Tool, and/or any of their subsidiaries, manufacturers, or distributors. In particular, documents pertaining to problems and defects, including Roger Maxson and other reports.

Please find enclosed herewith a check for witness fees and mileage in the amount of $87.15.

Upon receipt of the subpoena please call Plaintiff's counsel's office, East Bay Law, at 510-551-8500, and advise as to the estimated number of documents and nature of products and/or materials you may bring to the deposition so that arrangements can be made to facilitate copying and photography.

Dated: November 7, 2018

Andrew W. Shalaby,
Attorney for Plaintiff Kurtis M. Bailey

Instructions to Mr. David Thomas            2            16-cv-07548 PRG-IDJ

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Arizona

| | | |
|---|---|---|
| Jason Lou Peralta | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:17-cv-03195-JJT |
| Worthington Industries Incorporated, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     DAVID THOMAS

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Problems and defects with Bernzomatic/Worthington/Western/Chilton NRT fuel cylinders and torches, including failures, defects, injuries, damage, and matters pertaining to the design of the torch fracture groove.

| Place: | Alliance Court Reporting, Inc. 120 East Avenue, Suite 200 Rochester, NY 14604  (tel. 585-546-4920) | Date and Time: 12/20/2018 10:00 am |
|---|---|---|

The deposition will be recorded by this method:    stenographically by court reporter, and by video.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any documents, photos, and other materials pertaining to the Non-refillable tall ("NRT") fuel cylinders, containing all types of flamable fuels, AND TORCHES with the fracture groove features, produced by Bernzomatic, Irwin Industrial Tool, and/or any of their subsidiaries, manufacturers, or distributors. In particular, documents pertaining to problems and defects, including Roger Maxson and other reports.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/05/2018

          *CLERK OF COURT*
                                                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Jason Lou Peralta
_____ , who issues or requests this subpoena, are:
David W. Chen, 1300 Clay Street, Suite 600, Oakland, CA 94612  Tel. 510-551-8500, 510-575-0851

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:17-cv-03195-JJT

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: Mr. John M. Nelson

355 UPPER VALLEY ROAD, ROCHESTER, NY 14624 _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

*0 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)*

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Andrew W. Shalaby sbn 206841
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500
Fax: 510-725-4950
email: andrew@eastbaylaw.com

David Wei Chen   sbn 184071
1300 Clay Street, Suite 600
Oakland, CA 94612-1427
Tel. 510-575-0851
Fax: 510-201-1577
Cell: 510-640-7251
email: david.chen@davidwchenlaw.com


Attorneys for Plaintiff
Jason Lou Peralta

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lou Peralta,<br><br>               Plaintiff,<br><br>vs.<br><br>Worthington Industries, Inc.;<br>Worthington Cylinder Corporation;<br>Worthington Cylinder Wisconsin,<br>LLC; BernzOmatic Company;<br><br>          Defendants. | Case Number:  2:17-cv-03195-JJT<br><br>INSTRUCTIONS TO MR. DAVID THOMAS FOR APPEARANCE AND PRODUCTION OF DOCUMENTS AT DEPOSITION<br><br>Deposition date: 12/20/18<br>Time: 10:00 a.m.<br>Location:  Alliance Court Reporting<br>            120 East Avenue, Suite 200<br>            Rochester, NY 14604<br>            (tel. 585-546-4920)<br><br><br>Judge: Hon. John J. Tuchi |

---

**Instructions to Mr. David Thomas**              **1**                    2:17-cv-03195-JJT

TO MR. DAVID THOMAS:

You have been served with a subpoena to testify at a deposition in a civil action. You are respectfully requested to bring with you the following:

Any documents, photos, and other materials pertaining to the Non-refillable tall ("NRT") fuel cylinders, containing all types of flamable fuels, AND TORCHES with the fracture groove features, produced by Bernzomatic, Irwin Industrial Tool, and/or any of their subsidiaries, manufacturers, or distributors. In particular, documents pertaining to problems and defects, including Roger Maxson and other reports.

Please find enclosed herewith a check for witness fees and mileage in the amount of $87.15.

Upon receipt of the subpoena please call Plaintiff's counsel's office, East Bay Law, at 510-551-8500, and advise as to the estimated number of documents and nature of products and/or materials you may bring to the deposition so that arrangements can be made to facilitate copying and photography.

Dated: <u>November 7, 2018</u>

David W. Chen, Attorney for Plaintiff
Jason Lou Peralta

---

**Instructions to Mr. David Thomas**         **2**              2:17-cv-03195-JJT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH**

In Re Subpoena and Deposition Notice to
DAVID THOMAS

Civil Action No.: _____

(Underlying Action Pending in the United States
District Court for the District of Arizona, Civil Action
No.: 2:17-cv-03195-JJT)
**and**
(Underlying Action Pending in the United States
District Court for the Northern District of Illinois, Civil
Action No.: 16-cv-07548 PRG-IDJ)

Now comes David Thomas ("Mr. Thomas"), by and through counsel, and respectfully

requests an Order to quash the non-party subpoenas served on him by Plaintiffs Kurtis M. Bailey

and Jason Lou Peralta in the two underlying actions referenced in the above caption (collectively

the "Underlying Actions").   Pursuant to Federal Rules of Civil Procedure 26 and 45, the

subpoenas seek information that is not relevant to the litigation, is cumulative and duplicative of

discovery previously taken, exceeds existing discovery limitations issued by the courts in the

Underlying Actions, subjects Mr. Thomas to an undue burden, and is a continuation of a decade-

long meritless campaign by Plaintiff's counsel against Mr. Thomas's former employer.

## PRELIMINARY STATEMENT

The subpoenas at issue were issued in two separate matters.   One pending in the U.S.

District Court for the Northern District of Illinois *(Bailey v. Worthington Industries Inc., et al)*

wherein all discovery has been stayed, and the second, in the U.S. District Court for the District

of Arizona *(Peralta v. Worthington Industries Inc., et al).*   Mr. Thomas and his former employer

are not parties to the cases pending in Illinois and Arizona therefore, seeking relief from those courts is not readily available. The subpoenas require compliance in Rochester, New York. As such, even though the actions for which the subpoenas were issued are pending elsewhere, an application to quash is properly returnable in this District. Fed. R. Civ. P. 45 (d)(3).

## ARGUMENT

### A.     The Subpoenas Seek Information that is Not Relevant to the Litigation

A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s relevance requirement. *Albino v. Global Entertainment USA, Ltd.*, No. 6:14-cv-06519 (MAT), 2017 WL 3130380, *1 (W.D.N.Y. July 24, 2017). The subpoena "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Id.* In this case, Plaintiffs allege injuries sustained on May 20, 2014 by Mr. Bailey and February 5, 2016 by Mr. Peralta caused by products manufactured by Defendant Worthington Industries, Inc. ("Worthington"). *See Declaration of Attorney William Bauer* ¶3. Mr. Thomas has no personal knowledge about the products involved in this case or any of the facts in the Underlying Actions.

From 1990 until 2005, Mr. Thomas worked for the Bernzomatic division of Irwin Industrial Tool Company, a former subsidiary of Newell Brands, Inc. (fka Newell Rubbermaid) which was located in Medina, New York ("Newell/Bernzomatic"). Newell/Bernzomatic manufactured CGA 600-compliant fuel torches and was a distributor for non-refillable tall (NRT) gas cylinders which were compatible with Newell/Bernzomatic torches. Mr. Thomas's positions involved the engineering of the machines used in the manufacturing process; not the end product itself – torches and cylinders. Mr. Thomas was not involved in the design and testing of the torches, fracture groove and/or cylinders.    When Mr. Thomas left

2

Newell/Bernzomatic's employment in 2005, he did not take (nor does he currently possess) any responsive documents from his former employer. *See ¶¶2-3, 8 of the Declaration of David Thomas (attached as Exhibit F to the Declaration of Attorney William Bauer).*

On July 1, 2011, Newell sold all assets of the Bernzomatic division to Worthington and ceased doing business in the torch and cylinder industry at that time. First Amended Complaint at ¶¶ 12, 19-20, *Peralta v. Worthington Inds. Inc. et. al.*, No. 2:17-cv-03195-JJT (D. Ariz. Dec. 18, 2017). The torches involved in these cases were manufactured by Worthington in 2013 and 2015. The propane cylinders involved in these cases were manufactured by Worthington in 2013 and 2014. Both products were manufactured at Worthington's manufacturing facility in Wisconsin. *See Declaration of Attorney William Bauer ¶3.*

The products at issue were manufactured close to a decade after Mr. Thomas left Newell/Bernzomatic's employment, by a company for which Mr. Thomas was never an employee, and at a Wisconsin manufacturing facility where Mr. Thomas was never employed. In short, Mr. Thomas knows nothing about the products at issue in this case. Additionally, Mr. Thomas has never met Plaintiff Bailey or Peralta and knows nothing about the alleged incident in Illinois in 2014 or the alleged incident in Arizona in 2016. *See ¶¶7, 9 of the Declaration of David Thomas (attached as Exhibit F to the Declaration of Attorney William Bauer).*

Due to the significant passage of time, lack of knowledge regarding the products at issue and lack of knowledge about the alleged incident, Plaintiffs fail to meet their burden of demonstrating that the information sought from Mr. Thomas is relevant and material to the allegations and claims at issue. *Albino* at *1. Therefore, the subpoena must be quashed.

**B.      The Subpoenas Exceed Existing Limitations on Discovery in the Underlying Actions**

On November 20, 2018, the Bailey court issued a minute order reminding the parties "that a [discovery] stay remains in place." *See Declaration of Attorney William Bauer ¶5 Exhibit C Minute Entry by the Honorable Iain D. Johnston, N.D. IL.*.  The subpoena served on Mr. Thomas is in direct violation of the stay issued by Judge Johnston of the Northern District of Illinois.

The subpoenas seek information concerning, "fuel cylinders, **containing all types of flammable fuels**," thereby exceeding the permissible scope of discovery in the Underlying Actions which limit discovery to NRT <u>propane</u> cylinders only.   Defendant Worthington filed objections to the Thomas subpoenas in both cases reserving its right to seek sanctions stating:

1.      Despite the court's order prohibiting discovery on cylinders other than "NRT" propane cylinders, Plaintiff's notice indicates that the matters covered in the deposition will include issues with "NRT" fuel cylinders without any limitation to propane NRT cylinders.  Plaintiff has previously sought discovery on MAPP gas cylinders and [the] court has disallowed such discovery.

2.      Despite the court's order prohibiting discovery on cylinders other than "NRT" propane cylinders, Plaintiff's document request seeks documents "pertaining to the Non-Refillable tall ("NRT") cylinders containing all types of flammable fuels…" Plaintiff has previously sought discovery on MAPP gas cylinders and [the] court has disallowed such discovery.

*See Declaration of Attorney William Bauer at ¶4 and Exhibit B: Worthington's Objections.*

Plaintiff cannot be permitted to make an end run around limitations placed on discovery in the courts where the actions are pending by coming to New York.  Since the information

4

sought in these subpoenas has already been deemed irrelevant by the courts where the cases are

pending, the subpoena must be quashed. *See Albino*, at *1.

C.   **Information Sought by the Subpoenas is Duplicative and Cumulative of Discovery Already Taken in the Underlying Actions.**

A non-party seeking a court's protection from discovery may invoke "the

overlapping and interrelated provisions of both Rules 26 and 45." *Mannington Mills, Inc. v.*

*Armstrong World Indus., Inc.* 206 F.R.D. 525, 529 (D. Del. 2002).  Fed. R. Civ. P. 26 (b)(2)(C)

allows the Court to limit discovery if it determines that: "(i) the discovery sought is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient,

less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity to

obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

discovery outweighs its likely benefit, considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the action, and the

importance of the discovery in resolving the issues."  Notably, **"[r]estrictions on discovery may**

**be broader where a non-party is the target of discovery to protect such third parties from**

**unnecessary harassment, inconvenience, expense or disclosure of confidential information."**

*(emphasis added) In re Candor Diamond Corp.*, 26 B.R. 847, 849 (Bankr. S.D.N.Y. 1983); *see*

*also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 52 (S.D.N.Y. 1996); *In re Biovail*

*Corp. Sec. Litig.*, 247 F.R.D. 72, 74 (S.D.N.Y. 2007).

Even if the requesting party seeks relevant information, "discovery is not allowed where

no need is shown, or where compliance is unduly burdensome, or where the potential harm

caused by production outweighs the benefit."  *Mannington Mills*, 206 F.R.D. at 529 (*citing*

*Micro Motion*, 894 F.2d at 1323); *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal.,

{6813811: }

2006) ("[A] court may modify or quash a subpoena even for relevant information if it finds that there is an undue burden on the non-party.  Undue burden to the non-party is evaluated under both Rule 26 and Rule 45."); *see also Concord Boat Co. v. Brunswick*, 169 F.R.D. at 53 (granting the non-party witness' motion to quash based on facial overbreadth of subpoena).

Neither Mr. Thomas, nor his former employer, are parties to the Underlying Actions. The parties in the Underlying Actions, including Plaintiffs, had the opportunity to depose the former Senior Engineering Manager for the Bernzomatic division of Newell, Michael Ridley, for an entire day on January 26, 2018. [1] Mr. Ridley who was employed by Newell/Bernzomatic through the 2011 asset sale to Worthington, is the most knowledgeable person regarding certain information requested in the Thomas subpoenas, "matters pertaining to the design of the torch fracture groove," and "Torches with the fracture groove features produced by Bernzomatic, Irwin Industrial Tool…" *See ¶4 of the Declaration of David Thomas (attached as Exhibit F to the Declaration of Attorney William Bauer)*. Assuming arguendo, that any of the information sought by the Thomas subpoenas is relevant, the parties in the Underlying Actions have already had full and ample opportunity to depose the most knowledgeable representative from Newell/Bernzomatic. Id.; *Declaration of Attorney William Bauer ¶6 and Exhibit D: Excerpt of Deposition Transcript of Michael Ridley.*

Accordingly, the Thomas subpoenas are cumulative and duplicative of discovery already taken in the Underlying Actions.  The information sought from Thomas has already been

---

[1] *At p. 6:* MS. SCHNEIDER NAYLOR:  As counsel for the deponent Michael Ridley, I'd like to put a statement on the record that neither the deponent, Michael Ridley, nor his employer Newell, are parties in either the Bailey or the Peralta lawsuits in which this deposition is being taken. Mr. Ridley has agreed to appear at the request of Defendant Worthington to provide third-party fact testimony regarding the fracture groove [sic]. *Declaration of Attorney William Bauer ¶6 and Exhibit D:  Excerpt of Deposition Transcript of Michael Ridley dated January 26, 2018 in the Underlying Actions.*

{6813811: }

obtained from Mr. Ridley.  The benefit, if any, of forcing Mr. Thomas to travel to Rochester to be asked questions about things he has no knowledge of, is clearly outweighed by the burden and expense imposed on Mr. Thomas.  *See* Fed. R. Civ. P. 26 (b)(2)(C).

## D. Rule 45 Mandates that the Subpoena Be Quashed because it Poses an Undue Burden on Mr. Thomas

Fed. R. Civ. P. 45(d)(3)(iv) states that, "on timely motion, the court for the district where compliance is required **must** quash or modify a subpoena that...subjects a person to undue burden." (emphasis added). Parties may not obtain discovery that is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).  This Court determined that when considering a motion to quash, the value of the information to the serving party must be weighed against the burden of the subpoenaed party.  *See Moll v. Telesector Resources Group, Inc.,* No. 04-CV-0805S(Sr), 2017 WL 2241967, *2 (W.D.N.Y. May 23, 2017).

Rule 45 mandates the quashing of a subpoena which subjects the deponent to an undue burden.  Mr. Thomas, who is currently semi-retired, resides at 1004 East River Road, Grand Island, NY 14072 (near Buffalo),[2] approximately eighty miles from Alliance Court Reporting in Rochester NY, the location of the deposition. The deposition is scheduled for December 20, a few days before Christmas when all upstate New Yorkers know to expect snow and treacherous roads. The driving time each way is at least two hours on a clear day and more than double that with lake effect snow. *See ¶1, 2, 5, 11 of the Declaration of David Thomas (attached as Exhibit F to the Declaration of Attorney William Bauer).*

As if the current inconvenience is not enough, on December 3, 2018, Mr. Thomas received a letter via regular U.S. Mail from Plaintiffs' counsel in the Underlying Actions

---

[2] The subpoenas served on Thomas are facially defective because they reference a "Mr. John M. Nelson, 355 UPPER VALLEY ROAD, ROCHESTER NY 14624." Thomas lives in Grand Island NY, not Rochester. *See Subpoena attached as Exhibit A.* A simple internet search for "David Thomas" in upstate New York produces 426 records.

7

requesting that he appear for the December 20, 2018 deposition in Manhattan, instead of Rochester! *See ¶ 12 of the Declaration of David Thomas (attached as Exhibit F to the Declaration of Attorney William Bauer).*

In weighing the value, if any, of the information sought with the burden placed on Mr. Thomas, the imbalance is clear. *Moll*, at *2. Therefore, respectfully, this court must quash the subpoena.

### E.      Plaintiff's Counsel Continues His Meritless Campaign Against Mr. Thomas's Former Employer

On July 27, 2012, the U.S. District Court for the Southern District of California deemed it necessary and appropriate to declare Plaintiffs' counsel, Mr. Shalaby, a vexatious litigant in his personal claim against Newell/Bernzomatic and several of the defendants/interested parties arising from injuries he sustained in 2006 while allegedly using a torch and cylinder. *Shalaby v. Bernzomatic et al.*, No. 11cv68 AJB (POR) (S.D. Ca. July 27, 2012). *See Declaration of Attorney William Bauer ¶7 and Exhibit E.* The Prefiling Order ("2012 Order") entered against Mr. Shalaby was affirmed by the Ninth Circuit Court of Appeals and remains in effect today, despite numerous attempts by Mr. Shalaby to have the Pre-filing Order terminated. *Shalaby v. Bernzomatic*, 584 Fed. Appx. 419, 420 (9th Cir. 2014). The most recent Order dated August 8, 2018 reaffirms the ongoing need for the 2012 Order. *See Declaration of Attorney William Bauer ¶7 and Exhibit E:* Order Denying Motion for Reconsideration and Grating Motion for Prefiling Order, *Shalaby v. Bernzomatic et al.*, No. 11cv68 AJB (POR) (S.D. Ca. July 27, 2012) and all subsequent Orders reaffirming dated Jan. 5, 2018, Feb. 28, 2018, and Aug. 8, 2018.

The impetus for the 2012 Order was over six years of aggressive, yet unsupported, claims by Mr. Shalaby against Newell/Bernzomatic and other interested parties, which involved Mr. Shalaby's numerous attempts to relitigate previously issued final decisions of the court in

{6813811: }

multiple different federal and state courts. In entering the 2012 Order granting the extraordinary remedy, the *Shalaby* Court found that:

- Mr. Shalaby had fair notice that a prefiling order may be entered against him (p. 5);

- Mr. Shalaby had "not heeded the Court's warning, and continues to file frivolous motions to relitigate his claims" (p. 7);

- Mr. Shalaby's motions "are a frivolous [] rehashing of arguments already considered and rejected by the Court" (p. 7); and

- "Andrew Shalaby must seek and obtain leave of this Court, prior to filing any new actions, against any defendant, in any forum, based upon, or related in any way, to injuries he sustained as a result of the accident on April 21, 2006" (p. 8).

While Mr. Shalaby's involvement as counsel for Plaintiffs *Peralta* and *Bailey* is not a technical violation of the 2012 Order, it is a continuation of his decade-long frivolous and meritless campaign against the Newell/Bernzomatic, other defendants/interested parties and their products.   The issuing of the subpoenas to Mr. Thomas and another former employee, John Nelson, who left Newell/Bernzomatic's employment in **1990** seeking irrelevant and/or duplicative and cumulative discovery, which exceeds the scope of permissible discovery in the Underlying Actions, and places a significant burden on Mr. Thomas, a semi-retired non-party is consistent with the behavior which elicited the issuance of the 2012 Order and its recent reaffirmance. Dragging an individual former employee into Mr. Shalaby's dispute with Newell/Bernzomatic should not be allowed.

{6813811: }

## CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 26 and 45, Mr. Thomas respectfully request the

Court to quash the subpoenas issued by the Plaintiffs in this matter.

DATED:        December 5, 2018                    WOODS OVIATT GILMAN LLP

                                         By:    _____
                                                William G. Bauer, Esq.
                                                Attorneys for Movant
                                                700 Crossroads Building
                                                2 State Street
                                                Rochester, New York 14614
                                                585.987.2800
                                                wbauer@woodsoviatt.com

{6813811: }

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  | **PROPOSED ORDER** |
|---|---|
| IN RE SUBPOENA AND DEPOSITION NOTICE TO DAVID THOMAS | Civil Action No.: _____ |

(Underlying Action Pending in the United States District Court for the District of Arizona, Civil Action No.: 2:17-cv-03195-JJT)

and

(Underlying Action Pending in the United States District Court for the Northern District of Illinois, Civil Action No.: 16-cv-07548 PRG-IDJ

David Thomas, having moved this Court for an Order pursuant to Fed. R. Civ. P. 45 (d) (3), quashing the subpoena served upon him in actions pending in the United States District Court for the District of Arizona, Civil Action No.: 2: 17-cv-03195-JJT and the United States District Court for the Northern District of Illinois, Civil Action No.: 16-cv-07548 PRG-IDJ, requiring compliance within this District; and sufficient cause appearing therefore, it is

**ORDERED**, that the subpoena served upon David Thomas is hereby quashed in its entirety.

**SO ORDERED**

_____
Hon.